DALEY & HEFT, ATTORNEYS AT LAW
ROBERT W. BROCKMAN, ESQ. (SBN 123546)
GOLNAR J. FOZI, ESQ. (SBN 167674)
462 STEVENS AVENUE, SUITE 201
SOLANA BEACH, CA 92075
TELEPHONE: (858) 755-5666
FACSIMILE: (858) 755-7870

Attorneys for Defendants
CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE and FRANCISCO MESQUITA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONDRA BOONE, | Case No. 08 CV 0634 W AJB |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S NOTICE OF MOTION AND MOTION TO STRIKE CLAIMS AND ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT [FRCP 12(f)]** |
| v. | |
| CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA and DOES 1-20, | |
| Defendants. | |
| | [No Oral Argument Per Local Rule] |
| | DATE: May 12, 2008
TIME: 10:30 a.m.
DEPT.: 7
DIST. JUDGE: Thomas J. Whelan
MAG. JUDGE: Anthony J. Battalia |

Defendants CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA submit the following points and authorities in support of their motion to strike pursuant to FRCP 12(f).

**1.**

**SUMMARY OF ARGUMENTS**

Plaintiff SONDRA BOONE is a former employee of defendant CARLSBAD COMMUNITY CHURCH (the "Church"). She was terminated from employment on or about April 23, 2007, and she presently claims the termination was unlawful. She contends that she was

1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S NOTICE OF MOTION AND MOTION TO STRIKE CLAIMS AND ALLEGATIONS**

terminated due to her age and gender, and due to the fact that she aired *internal* complaints to the Board of Elders on two issues: an alleged "workplace safety" issue involving the fact that one day the female employees of the Church were left without male supervision and hence felt unsafe; and an internal report in which she accused a Board member and a pastor of financial misdeeds.

Plaintiff filed her original complaint in State court, alleging defamation and wrongful discharge in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code Section 12920 et seq, and under the California Labor Code. Defendants demurred to the FEHA claims on the ground that defendant CARLSBAD COMMUNITY CHURCH (the "Church") is not an "employer" within the meaning of FEHA), and cannot be liable for discrimination or harassment under that enactment. Similarly, its employees are exempt from liability under the FEHA. Defendants also demurred and moved to strike allegations and claims premised on the provisions of the California Labor Code.

Plaintiff did not file an opposition to the demurrer, opting to wait until the day before the hearing date on the demurrer to file a First Amended Complaint ("FAC"). Plaintiff appears to have recognized that the FEHA-based claims cannot be asserted against the Church. But instead of removing those claims, plaintiff simply reasserted them based on the FEHA (impermissibly) *and* on the federal counterparts, Title VII of the Civil Rights Act and the Age Discrimination in Employment.

With this motion, defendants seek to strike the allegations related to the FEHA as they are legally untenable and irrelevant. Moreover, defendants also seek an order striking attorneys' fees recovery prayers connected to two common law claims for defamation and infliction of emotional distress.

It is clear that the FAC contains irrelevant and redundant theories that cannot be maintained under the law. It is important to strike those allegations so that time and resources are not spent litigating claims that are legally irrelevant and impertinent.

///

///

///

**2.**

**STATEMENT OF FACTS**

Defendant CARLSBAD COMMUNITY CHURCH is a church and a religious corporation situated in Carlsbad, California. (First Amended Complaint "FAC" paragraph 2; Request for Judicial Notice and Secretary of State, Statement of Information (Domestic Nonprofit Corporation, Exhibit 1.)  Defendants WOOD, DICK, and MESQUITA are agents or employees of the Church, and at all times relevant were acting within the scope of their employment for the Church.  (FAC paragraph 4.)

Plaintiff is a 61 year-old female who was employed with the Church ever since 1987. (FAC paragraph 9.)  On September 1, 2006, plaintiff and four other female Church employees worked in the Church office without a male employee and felt unsafe because indigent visitors often came to the Church office seeking assistance.  On or about September 4, 2006, they wrote an internal grievance to the Senior Pastor and the Board of Elders regarding their safety concerns. Plaintiff claims that on or about **September 8, 2006**, Pastor Bosler confronted her in a threatening manner, which resulted in further internal complaints about him from plaintiff.  (FAC paragraphs 17 through 21.)  Pastor Bosler resigned from the Church on or about October 30, 2006.  (See Request for Judicial Notice and plaintiff's 10/31/07 EEOC Charge of Discrimination at paragraph 1, attached as Exhibit 2.)

In or about March of 2007, a member of the Church's Administrative Ministry Team requested an investigation into possible financial improprieties within the Church.  (FAC paragraph 26.)  Plaintiff openly supported the investigation. (FAC paragraph 27.)  An investigation into these possible issues commenced in April of 2007.  Plaintiff contends that the investigators intended to interview all administrative employees, including plaintiff.  (FAC paragraph 31.)  On or about April 23, 2007, plaintiff was terminated from her employment with the Church before the investigators even interviewed her. (FAC paragraph 33.)

///

///

///

**3.**

**AUTHORITY FOR MOTION**

A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *(LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (ND CA 1992).) The motion lies to strike any redundant or irrelevant, immaterial, or impertinent matter. (Rule 12(f).) A motion to strike also lies to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *(Tapley v. Lockwood Green Engineers, Inc.,* 502 F2d 559, 560 (8th Cir. 1974).

The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters judicially noticeable. (*Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.,* 719 F.Supp. 1072, 1073 (MD FL 1989). In ruling on such a motion, the Court may consider documents mentioned in the complaint but not attached to the complaint. (*Townsend v. Columbia Operations*, 667 F.2d 844, 848-849 (9th Cir. 1982).) The Court may take judicial notice of the contents of public records. *(MGIC Indemnity Corporation v. Weisman*, 803 F.2d 500 (9th Cir. 1986). Files and determinations of public agencies are subject to judicial notice. (*Furnari v. Warden*, 218 F.3d, 250 (3rd Cir. 2000); *Fornalik v. Perryman*, 223 F.3d 523 (7th Cir. 2000).)

Here, defendants respectfully request that the Court take judicial notice of the following records of public agencies: California Secretary of State, Statement of Information (Domestic Nonprofit Corporation) for Carlsbad Community Church (Exhibit 1); Plaintiff's Charge of Discrimination filed with the U.S. E.E.O.C. (Exhibit 2); Charge of Discrimination filed with the California DFEH (Exhibit 3).

**4.**

**ALL ALLEGATION REGARDING VIOLATIONS OF THE CALIFORNIA FEHA SHOULD BE STRICKEN WITHOUT LEAVE TO AMEND**

The First, Second, Seventh and Eighth causes of action allege gender and age discrimination in violation of the California FEHA, as well as Title VII and the ADEA. The original complaint premises these discriminatory discharge claims only on the FEHA. However, when defendants filed a demurrer pointing out that they were not "employers" within the meaning

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S NOTICE OF MOTION AND MOTION TO STRIKE CLAIMS AND ALLEGATIONS**

of FEHA, plaintiff filed the FAC re-alleging the discriminatory discharge claims under **both** the FEHA and Title VII or the ADEA.

It is important that the Court strike all allegations relating to the FEHA from these causes of action so that this case can go forward on only legally tenable claims. Otherwise, plaintiff has inserted irrelevant and legally flawed claims into the lawsuit.

A. **The Church Is Not an "Employer" Under the FEHA**

Government Code Section 12940(a) provides that it is unlawful for ***an employer*** to discriminate against an employee on several enumerated bases, including age and gender. Section 12926(d) provides that "in connection with unlawful practices", the term "employer" refers to anyone employing five or more persons. However, the term "employer" does not include a religious association or corporation not organized for private profit. (Section 12926(d).) Section 12926.2(a) defines a religious corporation as any corporation "formed primarily or exclusively for religious purposes under the laws of any other state to administer the affairs of an organized religious group."

Here, the Church is a non-profit religious corporation not subject to the FEHA. (See Request for Judicial Notice and Exhibit 1.) It is not an "employer" within the meaning of the FEHA.

Contrary to plaintiff's legal conclusion in paragraph 42 of the FAC, the religious entity exemption of FEHA does not depend on the nature of the plaintiff's duties for the religious corporations. The California Supreme Court in *Kelly v. Methodist Hospital of Southern California*, 22 Cal.4th 1108, 1116 (2000), has held the religious entity exemption is not conditioned upon the nature of the employee's job position: "The exemption renders qualified religious entities exempt from FEHA ***in its entirety***. The nature of the employee's work is not relevant; the nature of the entity that employs him or her is determinative." (*Id.*) (Emphasis added.) The State Supreme Court based its holding on the legislative history of the FEHA, and the fact that in 1977, the Legislature rejected proposed language exempting from the FEHA only those religious corporation employing insofar as the employee was involved in carrying out the religious purposes of the religious association or corporation." (*Id.*)

"Although California courts have frequently looked to title VII jurisprudence to interpret analogous principles of California law, to do so here is inappropriate for several reasons, the most significant being that the language of the federal exemption is significantly different than the language of section 12926. (*Kelly*, *supra*, at 1118.) As the California high court pointed out, the federal statute specifically confines the religious entity exemption to work carried out for religious purposes (42 U.S.C. § 2000e-1(a) while the FEHA simply exempts all non-profit, religious corporations regardless of the nature of the employee's job. (*Id*.) Thus, a non-profit religious association or corporation "is exempt from FEHA regardless of the nature of the employee's job or the type of discrimination it allegedly practiced." (*Id*. at 1119) (*See also Silo v. CHW Medical Foundation*, 27 Cal.4th 1097, 1108, fn. 2 (2002).) ("FEHA's exemption of religious organizations is broader than Title VII's, inasmuch as it insulates qualifying religious employers from not merely religious discrimination liability but all forms of FEHA liability.")

It bears mentioning that the FAC at paragraph 42 alleges that the Church is an employer within the meaning of the FEHA "because of the operation of subparagraph (f)(2) of section 12926.2 of the Government Code, and the secular nature of Plaintiff's employment." Defendant has already addressed the "secular nature" argument. With respect to the operation of Section 12926(f)(2), the Court can see that this provision does not apply here. Subdivision (f)(1) of Section 12926.2 provides that "*a nonprofit public benefit corporation* formed by, or affiliated with, a particular religion *and that operates an educational institution as its sole or primary activity*" may restrict employment and promotion to members of a particular religion. Thereafter, Subdivision (f)(2) provides that "employers that are *nonprofit public benefit corporations specified in paragraph (1)* shall be subject to the provisions of this part in all other respects, including, but not limited to, the prohibitions against discrimination made unlawful employment practices by this part." Therefore, subdivision (f)(2) of Section 12926.2 expressly pertains to nonprofit public benefit corporations, *affiliated with a religion*, that operate schools as their sole or primary activity. Here, plaintiff has not alleged, nor can it so allege, that the Church is a nonprofit, public benefit corporation affiliated with a religion that operates a school as its primary or sole activity. Therefore, Section 12926.2(f)(2) simply is inapplicable here.

**B.   The Church Is Not an "Employer" within the Meaning of the FEHA for Purposes of Plaintiff's Harassment Claims**

While plaintiff's First and Second Causes of Action are pled as a "wrongful termination" claim, her Seventh and Eighth Causes of Action against the Church are characterized as one for Discrimination *and Harassment*. In the preceding section, defendants showed that the Church is not an "employer" for purposes of a discrimination claim under the FEHA. Here, defendants show that the Church is also not an "employer" for purposes of a harassment claim.

Government Code Section 12940(j)(1) provides that it is unlawful for an employer or any other person to harass an employee on the bases of enumerated classifications such as age and gender. Subdivision (j) carries its own definition of "employer". It provides that for its purposes, the term "employer" refers to any person regularly employing *one or more persons*. (Section 12940(j)(4)(A).) Importantly, subdivision (j)(4)(B) then goes on to specifically exempt non-profit religious associations or corporations: "Notwithstanding subparagraph (A), for purposes of this subdivision, "employer" does **not** include a religious association or corporation not organized for private profit, except as provided in Section 12926.2." As stated in the previous section, Section 12926.2 defines a non-profit religious corporation or association as one formed primarily for religious purposes.[1]

Therefore, there is no question that the Church is not an "employer" within the meaning of the FEHA, and that the latter's statutory prohibition against harassment does not apply to the Church. Therefore, all references to the FEHA in support of the Seventh and Eighth Causes of Action for Discrimination and Harassment on the bases of age and gender, as proscribed by the FEHA, must be stricken without leave to amend.

///

///

---

[1] Section 12926.2 specifically excludes from its ambit those religious corporations operating a health care facility (subdivision (c)), and those operating an educational institution as their sole or primary activity (subdivision (f)). Neither of these conditions apply here.

**C.  The Individual Defendants Are Not "Employers" under the FEHA for Purposes of a Discrimination or Harassment Claim**

The **Seventh** and **Eighth** causes of action for Gender and Age Discrimination and Harassment, are also alleged against the individuals defendants WOOD, MESQUITA and LEE.

Government Code section 12940(a) provides that it is unlawful for *an employer* to discriminate in the terms or conditions of employment on the basis of age or gender, among other classifications. Claims for employment discrimination under the FEHA may not be maintained against individual employees or supervisors. (*Acuna v. Regents of University of California* (1997) 56 Cal.App.4th 639 (individual employees cannot be held personally liable for discriminatory practices in the work place).) Since the FEHA does not impose personal liability on supervisors for alleged discrimination in the workplace, a cause of action for discrimination in violation of a public policy enunciated in the FEHA also cannot lie against individual supervisors. (*Reno v. Baird* (1998) 18 Cal.4th 640.) Therefore, the allegations relating to discrimination under the FEHA do not apply to defendants WOOD, MESQUITA and LEE.

Similarly, the FEHA's anti-harassment provisions do not apply to the individual defendants. As stated above, Government Code section 12940(j) makes clear that a religious association or entity is not subject to the anti-harassment provisions of the FEHA. (Section 12940 (j)(4)(B). "An employee of a religious association or corporation, therefore, is not an employee of an entity subject to this subdivision and is not covered by the subsection making employees liable for harassment." (*Taylor v. Beth Eden Baptist Church* (2003) 294 F.Supp.2d 1074, 1084.) "The Legislature did not intend to allow for the imposition of personal liability for harassment on employees of employers that fall under the religious entity exemption contained in subdivision (j)." (*Id.*)

Therefore, the FEHA does not apply to defendants WOOD, MESQUITA and LEE. Therefore, the allegations relating to the FEHA in the Seventh and Eighth causes of action must be stricken in their entirety as against the Church and the individual defendants.

///

///

**5.**

**THE COURT SHOULD STRIKE ALL ALLEGATIONS RELATING TO THE ALLEGED REPORTING OF FINANCIAL MISDEEDS**

In paragraphs 25 through 32 of the FAC, plaintiff alleges that due to her access to financial documents in her position as office manager, she supposedly became aware of "potential improper financial activity" by defendants LEE and MESQUITA. She claims she "openly supported" an internal investigation into these allegations and was going to be interviewed by the investigating team when she was terminated. These allegations must be stricken because they do not relate to any cause of action and are simply meant to disparage people without a corresponding degree of relevance.

Plaintiff alleges her termination was in violation of Title VII's proscription against age and gender discrimination. She also claims her termination was in violation of specific Labor Code provisions proscribing retaliation for reporting an unsafe working condition. In support of the Labor Code claims, plaintiff alleges that back in 2006, she complained about the female employees of the Church feeling unsafe without a male employee around to protect them. There is, however, no cause of action or legal theory that justifies the insertion of her "factual allegations" regarding financial misdeeds.

Plaintiff has not alleged any legal theory relating to "openly supporting" an internal investigation of a Church's finances. There is no fundamental right to be interviewed by an internal investigative committee in violation of which plaintiff claims to have been discharged. Other than cast aspersions and accuse people of financial misdeeds, these irrelevant and improper allegations do not support any cause of action. Presumably their only purpose is to set up discovery into the financial affairs of the Church throughout this entire litigation without any corresponding degree of relevance to the causes of action alleged. Defendants respectfully request that the Court strike paragraphs 25 through 32 of the FAC.

///
///
///

**6.**

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion to strike the allegations of the FAC relating to the FEHA, and the request for attorneys's fees in connection with common law claims for defamation and intentional infliction of emotional distress.

Dated:  April 11, 2008                DALEY & HEFT, LLP


                                      By:/s/ *Golnar J. Fozi*
                                         ROBERT W. BROCKMAN
                                         GOLNAR J. FOZI
                                         Attorneys for Defendants CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE and FRANCISCO MESQUITA