1 | DALEY & HEFT, ATTORNEYS AT LAW
  | ROBERT W. BROCKMAN, ESQ. (SBN 123546)
2 | GOLNAR J. FOZI, ESQ. (SBN 167674)
  | 462 STEVENS AVENUE, SUITE 201
3 | SOLANA BEACH, CA  92075
  | TELEPHONE:  (858) 755-5666
4 | FACSIMILE:  (858) 755-7870

5 | Attorneys for Defendants
  | CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE and FRANCISCO
6 | MESQUITA

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 |

11 | SONDRA BOONE,                           ) Case No. 08 CV 0634 W AJB
                                             )
12 |         Plaintiff,                      ) **MEMORANDUM OF POINTS AND**
                                             ) **AUTHORITIES IN SUPPORT OF**
13 |    v.                                   ) **DEFENDANTS CARLSBAD**
                                             ) **COMMUNITY CHURCH, TOM WOOD,**
14 | CARLSBAD COMMUNITY CHURCH,              ) **DICK LEE, FRANCISCO MESQUITA'S**
   | TOM WOOD, DICK LEE, FRANCISCO           ) **NOTICE OF MOTION AND MOTION**
15 | MESQUITA and DOES 1-20,                 ) **TO DISMISS FOR FAILURE TO STATE**
                                             ) **A CLAIM UPON WHICH RELIEF CAN**
16 |         Defendants.                     ) **BE GRANTED [FRCP 12(b)(6)];**
                                             ) **MEMORANDUM OF POINTS AND**
17 |                                         ) **AUTHORITIES**
                                             )
18 |                                         ) **[No Oral Argument Per Local Rule]**
                                             )
19 |                                         ) DATE:  May 12, 2008
                                             ) TIME:  10:30 a.m.
20 |                                         ) DEPT.:  7
                                             ) DIST. JUDGE:  Thomas J. Whelan
21 | _____ ) MAG. JUDGE:  Anthony J. Battalia

22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

---

1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CARLSBAD
COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S NOTICE OF MOTION
AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**           **PAGE**

1. SUMMARY OF ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. Employment and Termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B. Exhaustion of Remedies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3. AUTHORITY FOR MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4. THE CLAIMS UNDER THE LABOR CODE ARE DUPLICATIVE
    AND LEGALLY INAPPLICABLE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. The Third Cause of Action for Wrongful Termination in Violation of Labor Code
       sections 1102.5 and 6400. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B. The Fourth Cause of Action for Retaliation in Violation of Labor Code sections
       1102.5 and 6310 Cannot Be Maintained Against the Individual Defendants . . 5

    C. The Fifth Cause of Action for Labor Code Section 6400. . . . . . . . . . . . . . . . . 7

5. SEVENTH AND EIGHTH CAUSES OF ACTION FOR DISCRIMINATION AND
    HARASSMENT MUST BE DISMISSED AS AGAINST THE INDIVIDUAL
    DEFENDANTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A. Individual Supervisors Are Not Liable for Discrimination or Harassment . . . . 9

    B. The Individual Defendants Cannot Be Liable for Harassment. . . . . . . . . . . . . 9

6. THE SIXTH CAUSE OF ACTION DOES NOT STATE FACTS SUFFICIENT TO
    CONSTITUTE A CAUSE OF ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

| | TABLE OF AUTHORITIES | PAGE |
|---|---|---|

**State Cases**

*Astoria Federal Savings & Loan Association v. Solimino*
    501 U.S. 104 (1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Conley v. Gibson*
    355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jones v. Lodge at Torrey Pines*
    42 Cal.4th 1158 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Reno v. Baird* (1998)
    18 Cal.4th 640. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


**Federal Cases**

*Balistreri v. Pacifica Police Department*
    901 F.2d 696 (9th Cir. 1990).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fornalik v. Perryman*
    223 F.3d 523 (7th Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Furnari v. Warden*
    218 F.3d, 250 (3rd Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mack v. South Bay Beer Distributors, Inc.*
    798 F.2d 1279 (9th Cir. 1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Maxwell*, *supra*
    991 F.2d at 587.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*MGIC Indemnity Corporation v. Weisman*
    803 F.2d 500 (9th Cir. 1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Miller v. Maxwell International, Inc.*
    991 F.2d 583 (9th Cir. 1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Townsend v. Columbia Operations*
    667 F.2d 844 (9th Cir. 1982).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


**Statutes**

Section 6304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

29 U.S.C. § 216(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

| **TABLE OF AUTHORITIES (CONTINUED)** | **PAGE** |
|---|---|

29 U.S.C. § 626(b) (1988). .................................................... 9

42 U.S.C. Section 2000e-3(a). ............................................... 10

42 U.S.C. § 2000e-5(g) (1988). .............................................. 9

FRCP 12(b)(6). ...................................................................... 1, 3

Government Code Section 12940(h) . ................................... 7

Labor Code Section 1102.5. ................................................... 4

Labor Code Section 6400. ...................................................... 4

Section 1102.5 . ..................................................................... 4, 5

Section 2000e.. ...................................................................... 10

Section 2000e-2 . ................................................................... 10

Section 3300. ......................................................................... 7

Section 6301. ......................................................................... 4, 7

Section 6310. ......................................................................... 6

Section 6400 .......................................................................... 4, 8

Section 6400(a). .................................................................... 7

1  Defendants CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA submit the following points and authorities in support of their motion to dismiss pursuant to FRCP 12(b)(6).

## 1.

## SUMMARY OF ARGUMENTS

Plaintiff SONDRA BOONE is a former employee of defendant CARLSBAD COMMUNITY CHURCH (the "Church"). She was terminated from employment on or about April 23, 2007, and she presently claims the termination was unlawful. She contends that she was terminated due to her age and gender, and due to the fact that she aired *internal* complaints to the Board of Elders on two issues: an alleged "workplace safety" issue involving the fact that one day the female employees of the Church were left without male supervision and hence felt unsafe; and an internal report in which she accused a Board member and a pastor of financial misdeeds.

Plaintiff filed her original complaint in State court, alleging defamation and wrongful discharge in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code Section 12920 et seq, and under the California Labor Code. Defendants demurred to the FEHA claims on the ground that defendant CARLSBAD COMMUNITY CHURCH (the "Church") is not an "employer" within the meaning of FEHA), and cannot be liable for discrimination or harassment under that enactment. Similarly, its employees are exempt from liability under the FEHA. Defendants also demurred and moved to strike allegations and claims premised on the provisions of the California Labor Code.

Plaintiff did not file an opposition to the demurrer, opting to wait until the day before the hearing date on the demurrer to file a First Amended Complaint ("FAC"). Having recognized that the FEHA -based claims cannot stand against the defendants, plaintiff simply re-pled them dually under the Federal Title VII of the Civil Rights Act and the ADEA. Otherwise, plaintiff opted to retain all the defective claims without regards to the authorities presented in the demurrer and motion to strike.

In this motion, defendants will show that the wrongful discharge claims premised on the California Labor Code are legally untenable. Moreover, the discrimination and retaliation claims

asserted against the individual defendants must be dismissed without leave to amend because individual supervisors are not liable for alleged discriminatory discharge, and because plaintiff has not alleged a single act of harassment on their part.

## 2.

## STATEMENT OF FACTS

A. **Employment and Termination**

Defendant CARLSBAD COMMUNITY CHURCH is a church and a religious corporation situated in Carlsbad, California. (First Amended Complaint "FAC" paragraph 2; Request for Judicial Notice and Secretary of State, Statement of Information (Domestic Nonprofit Corporation, Exhibit 1.) Defendants WOOD, DICK, and MESQUITA are agents or employees of the Church, and at all times relevant were acting within the scope of their employment for the Church. (FAC paragraph 4.)

Plaintiff is a 61-year-old female who was employed with the Church ever since 1987. (FAC paragraph 9.) On September 1, 2006, plaintiff and four other female Church employees worked in the Church office without a male employee and felt unsafe because indigent visitors often came to the Church office seeking assistance. On or about September 4, 2006, they wrote a complaint to the Senior Pastor and the Board of Elders regarding their safety concerns. Plaintiff claims that thereafter pastor Bosler confronted her in a threatening manner, which resulted in further internal complaints about him from plaintiff. (FAC paragraphs 17 through 21.) Pastor Bosler resigned from the Church on or about October 30, 2006. (See Request for Judicial Notice and plaintiff's 10/31/07 Charge of Discrimination attached as Exhibit 2.)

In or about March of 2007, a member of the Church's Administrative Ministry Team requested an investigation into possible financial improprieties within the Church. (FAC paragraph 26.) Plaintiff openly supported the investigation. (FAC paragraph 27.) An investigation into these possible issues commenced in April of 2007. Plaintiff contends that the investigators intended to interview all administrative employees, including plaintiff. (FAC paragraph 31.) On or about April 23, 2007, plaintiff was terminated from her employment with the Church before the investigators even interviewed her. (FAC paragraph 33.)

**B.     Exhaustion of Remedies**

Plaintiff filed a charge of discrimination with the DFEH on or about August 14, 2007. (FAC paragraph 8; See Request for Judicial Notice and Charge of Discrimination attached as Exhibit 3.) She received a Right to Sue letter from the DFEH on or about August 23, 2007. (FAC paragraph 8 and Exhibit A to the FAC.)

Plaintiff filed a Charge of Discrimination with the EEOC on or about October 31, 2007. (FAC paragraph 8; See Request for Judicial Notice and Charge of Discrimination attached as Exhibit 2.) She received a Right to Sue letter from the EEOC on or about December 27, 2007. (FAC paragraph 8 and Exhibit B to the FAC.)

### 3.

### AUTHORITY FOR MOTION

A motion under FRCP 12(b)(6) tests the legal sufficiency of the claims as stated in the complaint. The Court must decide whether the facts alleged, if true, entitle plaintiff to some remedy. (*Conley v. Gibson*, 355 U.S. 41 (1957).) Dismissal is proper under FRCP 12(b)(6) only where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. (*Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).)

Although a court may not normally consider evidence outside of the complaint itself in ruling on a motion to dismiss under FRCP 12(b)(6), there are limited situations in which a "court may take judicial notice of facts outside the pleadings." *(Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (overruled on other grounds by *Astoria Federal Savings & Loan Association v. Solimino*, 501 U.S. 104 (1991).)   In ruling on such a motion, the Court may consider documents mentioned in the complaint but not attached to the complaint. *(Townsend v. Columbia Operations*, 667 F.2d 844, 848-849 (9th Cir. 1982).) On a motion to dismiss a court may properly look beyond the complaint to matters of public record. (*Mack*, *supra*, 798 F.2d 1282.) The Court may take judicial notice of the contents of public records. *(MGIC Indemnity Corporation v. Weisman*, 803 F.2d 500 (9th Cir. 1986). Files and determinations

///

of public agencies are subject to judicial notice. (*Furnari v. Warden*, 218 F.3d, 250 (3rd Cir. 2000); *Fornalik v. Perryman*, 223 F.3d 523 (7th Cir. 2000).)

Here, defendants respectfully request that the Court take judicial notice of the following records of public agencies: California Secretary of State, Statement of Information (Domestic Nonprofit Corporation) for Carlsbad Community Church (Exhibit 1); Charge of Discrimination filed with the U.S. E.E.O.C. (Exhibit 2); Charge of Discrimination filed with the California DFEH (Exhibit 3).

**4.**

**THE CLAIMS UNDER THE LABOR CODE ARE DUPLICATIVE**

**AND LEGALLY INAPPLICABLE**

The FAC contains two causes of action based on Labor Code Section 1102.5 (Third and Fourth Cause of Action), and two causes of action based on Labor Code Section 6400 (Third and Fourth Cause of Action).[1]  Aside being duplicative and redundant, these claims are legally deficient.

**A.  The Third Cause of Action for Wrongful Termination in Violation of Labor Code sections 1102.5 and 6400**

Contrary to plaintiff's averment in her FAC, FAC Section 6400 does not make it illegal for an employer to discharge or retaliate against an employee for complaining of unsafe working conditions. Section 6400 simply states that every employer shall furnish a place of employment that is safe and healthful for the employees, and whose responsibility it is to deliver these safe working conditions. It is Section 6301, ***not 6400***, that prohibits retaliatory discharge or harassment for making a report of illegal working conditions. Plaintiff should be ordered to allege the correct Code section if she wants to assert a lawsuit. Section 6400 is not applicable.

At the same time, Section 1102.5 is similarly inapplicable here. Section 1102.5 provides that an employer may not make, adopt, or enforce any rule, regulation, or policy preventing an

---

[1] All these claims are based on the internal complaint by plaintiff back in September 2006 that the female employees of the Church felt unsafe if a male employee was not present at all times. Therefore, the essence of plaintiff's workplace safety issue is that a man should be present at all times when female employees are at work.

employee from disclosing information *to a government or law enforcement agency*, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. Section 1102.5(b) provides that an employer may not retaliate against an employee who discloses such information to a *government or law enforcement agency.*

Here, the FAC does not, and cannot, alleges that she made a complaint of workplace safety to a *government or law enforcement agency*. Rather, through two rounds of pleadings and two administrative charges, she has averred that her termination was in retaliation for the following specific acts: (1) submitting a September 2006 "internal complaint" regarding the safety of her and other female employees to the Senior Pastor and the Board of Elders; (2) submitting a September 2006 "internal complaint" regarding Pastor Bosler's treatment of her and other female staff, again to the Senior Pastor and the Church's Board of Elder; and (3) expressing support for a financial audit of the Church to the Church's Administrative Ministry Team. Nowhere in the FAC does plaintiff allege that she reported any violation by the Church to a government or law enforcement agency.

These internal complaints do not qualify as reports to a government or law enforcement agency. The express language of the statute forecloses claims premised on internal complaints to one's supervisor or the governing board of a non-government agency. Labor Code Section 1102.5 does not apply to this case and it cannot be the basis of the Third Cause of Action.

Since Sections 6400 and 1102.5 are inapplicable to the facts alleged and cannot support the cause of action plaintiff purports to assert, the third cause of action should be dismissed.

**B.  The Fourth Cause of Action for Retaliation in Violation of Labor Code sections 1102.5 and 6310 Cannot Be Maintained Against the Individual Defendants**

Defendants incorporate by reference their argument in subsection A above regarding the inapplicability of Section 1102.5. Since plaintiff never complained to a government or law enforcement agency, Section 1102.5 is inapplicable.

///

///

5
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

1    As to Section 6310, this claim should be dismissed as against the individual defendants because it prohibits the employer from discharging an employer who reports a work safety issue. Section 6310 provides:

(a) No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following:

(1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative.

(2) Instituted or caused to be instituted any proceeding under or relating to his or her rights or has testified or is about to testify in the proceeding or because of the exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her.

(3) Participated in an occupational health and safety committee established pursuant to Section 6401.7.

(b) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative, of unsafe working conditions, or work practices, in his or her employment or place of employment, or has participated in an employer-employee occupational health and safety committee, shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer. Any employer who willfully refuses to rehire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for rehiring or promotion by a grievance procedure, arbitration, or hearing authorized by law, is guilty of a misdemeanor.

The Court will note that subdivision (b) provides remedies against the *employer*, not against the individual supervisor who carries out the termination decision. It is true that subdivision (a) states that no "person" shall discharge an employee in retaliation for reporting a safety issue. However, just a few weeks ago, the California Supreme Court handed down a

1  decision in *Jones v. Lodge at Torrey Pines*, 42 Cal.4th 1158 (2008), in which it clarified that a
2  retaliatory discharge cause of action premised on Government Code Section 12940(h) (prohibiting
3  retaliation by "any employer, labor organization, employment agency, or ***person*....") does not
4  portend personal liability for a supervisor who carries out the discharge. The California Supreme
5  Court concluded that the reasons for not imposing individual liability for discrimination are
6  likewise compelling with regard to claims for retaliatory discharge in that individual liability
7  would constrain supervisors' ability to make personnel decisions because they would be
8  concerned about their personal exposure to a lawsuit.

9  Similarly here, Section 6301 prohibits discharge on the basis of a report of unsafe working
10 conditions. The individual supervisor or employee who discharges an employee as part of his
11 duties for the employer should not be individually liable for the same reasons as he is not liable
12 for retaliatory discharge under the FEHA. Moreover, the remedy provisions of Section 6301 only
13 lie against the *employer*, not the individual agent/employee who carries out the adverse
14 employment decision. On that basis, the Fourth Cause of Action premised on Section 6301 should
15 be dismissed as against the individual defendants WOOD, LEE and MESQUITA.

16 **C.     The Fifth Cause of Action for Violation of Labor Code Section 6400**

17 As stated above, this claim is duplicative of the Third Cause of Action. Defendants
18 pointed out in section A above that this provision does not prohibit retaliation or termination. It
19 simply provides that an employer should create a safe working condition. Therefore, it is not the
20 basis of a retaliatory discharge claim against the defendants. The anti-retaliation provision is
21 Section 6310.

22 Furthermore, Section 6400 by its terms imposes an obligation on an ***employer*** to create
23 safe working condition: "Every employer shall furnish employment and a place of employment
24 that is safe and healthful for the employees therein." (Section 6400(a).) Section 6304 provides
25 that the term "employer" shall have the same meaning as in Section 3300. Section 3300 defines
26 an employer as any State agency or public agency, and every person that has a natural person in
27 service. It does not include individual supervisors within the meaning of "employer". In fact,
28 prior to 1971, Section 6304 provided that the term "employer" "shall also include every person

1  having direction, management, control, or custody of any employment, place of employment, or
2  any employee." In 1971, the legislature amended Section 6304 to remove the phrase "every
3  person having direction, management, control or custody of any employment, place of
4  employment, or any employee". (See Historical and Statutory Notes to Section 6304.")

5       In *Reno v. Baird* (1998) 18 Cal.4th 640, 663, the California Supreme Court held that a
6  statute imposing obligations and liabilities on an "employer" instead of a "person" foreclosed the
7  imposition of personal liability on individual supervisors. "By limiting the threat of lawsuits to
8  the employer itself, the entity ultimately responsible for discriminatory actions, the Legislature
9  has drawn a balance between the goals of eliminating discrimination in the workplace and
10 minimizing the debilitating burden of litigation on individuals." (*Id*.)

11      Here, Section 6400 imposes duties on the ***employer.*** There is no statutory requirement to
12 create a safe working condition on the two members of the Board of Elders– defendants LEE and
13 WOOD– or on the Pastor of Administration defendant MESQUITA, who was not even employed
14 at the Church when the alleged unsafe working condition existed in September of 2007 (FAC
15 paragraph 23).[2] Even if the Court allows this cause of action to stand as against the Church, it
16 should dismiss it as against the individual defendants.

17 **5.**

18 **SEVENTH AND EIGHTH CAUSES OF ACTION FOR DISCRIMINATION AND**
19 **HARASSMENT MUST BE DISMISSED AS AGAINST THE INDIVIDUAL**
20 **DEFENDANTS**

21      The **Seventh and Eighth Causes of Action** allege "Discrimination and Harassment"
22 against all defendants arising from plaintiff's termination in April of 2007. These three causes
23 of action are impermissible against the individual defendants as a matter of law and must be
24 dismissed. Below defendants will discuss each cause of action.

---

26 2   This issue was raised before in a demurrer to the original complaint and plaintiff did not bother to
27     correct this flaw. It is absurd to name two individual members of the Board of Elders and a Pastor
    who did not even work at the Church when the alleged unsafe working condition existed, into this
    cause of action. It is harassing to replead this same flawed cause of action when the error has been
28     pointed out in a demurrer.

**8**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CARLSBAD**
**COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S NOTICE OF MOTION**
**AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

A. **Individual Supervisors Are Not Liable for Discrimination or Harassment**

The concurrently filed Motion to Strike asks the Court to strike all allegations in the Seventh and Eighth Causes of Action on the ground that neither the Church nor its three employee/agents are "employers" within the meaning of the FEHA, and that individual employees are not personally liable for discriminatory discharge under the FEHA. Defendants respectfully refer the Court to Section 4 of their Motion to Strike and incorporate it here as though fully set forth.

Similarly, Title VII and the ADEA also do not hold individual supervisors liable for discrimination. (*Miller v. Maxwell International, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993.) "The liability schemes under Title VII and the ADEA are essentially the same in aspects relevant to this issue; they both limit civil liability to the employer. (42 U.S.C. § 2000e-5(g) (1988) (Title VII); 29 U.S.C. § 626(b) (1988) (ADEA) (allowing actions against an employer by incorporating the procedures under 29 U.S.C. § 216(b)). Because Congress assessed civil liability only against an employer under Title VII, this court has held that "individual defendants cannot be held liable for back pay. [Citations Omitted]." (*Maxwell*, *supra*, 991 F.2d at 587.)

Therefore, the Seventh and Eighth causes of action for discrimination cannot be asserted against defendants WOOD, LEE, and MESQUITA since the decision to terminate plaintiff is attributed to the employer Church, not to the agents of the employer.

B. **The Individual Defendants Cannot Be Liable for Harassment**

The Seventh and Eighth causes of action also purport to state a harassment claim against all defendants, including WOOD, LEE and MESQUITA. Defendants invite the Court to review the factual allegations of the FAC, as well as the factual allegations of the DFEH claim and EEOC claim very carefully. There is not a single allegation that WOOD, LEE, or MESQUITA ever harassed plaintiff. The only conduct attributed to these three defendants are the following: WOOD and MESQUITE were the employees/agents who informed plaintiff of her termination or conducted the termination (FAC paragraph 33); and *after plaintiff's termination*, WOOD, LEE and MESQUITA told people plaintiff had committed evil acts. (FAC paragraphs 34 through 38.)

///

1  Not a single act of harassment is attributed to these three individual defendants outside of the
2  termination decision and the supposed defamation.
3  Given the factual allegations of the pleading, the Court simply has no jurisdiction over
4  defendants WOOD, LEE and MESQUITA in connection with the Seventh and Eighth Causes of
5  Action because they are not personally liable for discrimination and they are not alleged to have
6  harassed plaintiff. These two causes of action should be dismissed as against the individual
7  defendants without leave to amend.

**6.**

**THE SIXTH CAUSE OF ACTION DOES NOT STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION**

11  The Sixth Cause of Action alleges "Retaliation in Violation of 42 U.S.C. Section 2000e-
12  3(a)" against all defendants. It alleges that plaintiff was terminated for protesting a workplace
13  safety issue back in September of 2006. This cause of action is simply non-sensical and must be
14  dismissed.
15  Section 2000e-2 prohibits discrimination on the basis of race, color, gender, nationality,
16  or religion. Section 2000e-3(a) prohibits discrimination "for making charges, testifying, assisting,
17  or participating in enforcement proceedings." It protects from discharge those who "opposed any
18  practice made an unlawful employment practice by this subchapter, or because he has made a
19  charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing
20  under this subchapter." Therefore, Section 2000e-3 protects from discharge those who complained
21  or participated in proceedings relating to age, gender, nationality, color, or religion, as set forth
22  *"in this subchapter."*
23  Here, plaintiff does not allege that she was fired for participating in an EEOC/DFEH
24  proceeding or for protesting discrimination under Section 2000e. The Sixth Cause of Action
25  alleges she was fired for complaining of a workplace safety issue. Section 2000e has nothing to
26  do with workplace safety issues. It does not afford protection to those who complain of workplace
27  safety issues. Plaintiff is simply taking a federal statute prohibiting retaliatory discharge for
28  participating in proceedings under Section 2000e and converting it without any legal basis to one

1  protecting those who think their workplace is not safe. Plaintiff should not be allowed to
2  manufacture Title VII causes of action out of issues that have nothing to do with Title VII.
3      Furthermore, this cause of action is asserted not only against the Church, but also against
4  defendants WOOD, LEE and MESQUITA who are not alleged to have done anything wrong in
5  connection with the incident involving Pastor Bosler (in fact, the FAC alleges Mesquita became
6  employed in January 2007, four months after the Bosler incident and three months after Bosler
7  left the Church.) Once again, the FAC and the two administrative charges attached as Exhibits 3
8  and 4 are devoid of any allegations attributing any retaliatory conduct on the part of these
9  individual defendants arising out of the internal grievance relating to workplace safety, or Pastor
10 Bosler's conduct. To the extent the retaliatory conduct is supposed to be plaintiff's ultimate
11 termination, none of the individual plaintiffs are personally liable for carrying out the Church's
12 decision to discharge plaintiff. (*Miller*, *supra*, 991 F.2d at 587.)
13     Thus the Sixth Cause of Action fails to state a claim and must be dismissed as to them.

### 7.

### **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court dismiss the Third through Eighth Causes of Action as against the individual defendants WOOD, LEE, and MESQUITA because they cannot be liable for participation in a termination decision. Defendants respectfully request that Court dismiss the Third, Fourth and Fifth Causes of Action in their entirety.

Dated:  April 14, 2008          DALEY & HEFT, LLP


By:*/s/ Golnar J. Fozi*
    ROBERT W. BROCKMAN
    GOLNAR J. FOZI
    Attorneys for Defendants CARLSBAD
    COMMUNITY CHURCH, TOM WOOD,
    DICK LEE and FRANCISCO
    MESQUITA