**STUTZ ARTIANO SHINOFF & HOLTZ**
*A Professional Corporation*
Daniel R. Shinoff, Esq. (State Bar No. 99129)
Gil Abed, Esq. (State Bar No. 195771)
Ryan L. Church, Esq. (State Bar No. 249484)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Tel: (619) 232-3122
Fax: (619) 232-3264

Attorneys for Plaintiff Sondra Boone

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA BOONE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA and DOES 1-20,<br><br>　　　　Defendants. | Case No.   08 CV 0634 W AJB<br><br>DEPT:　　　　　7<br>DIST. JUDGE:　　Thomas J. Whelan<br>MAG. JUDGE:　　Anthony J. Battalia<br>DATE:　　　　　5/27/08<br>TIME:　　　　　10:30 a.m.<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>COMPLAINT FILED: October 29, 2007<br>TRIAL DATE:　　None Set |

# I.
# INTRODUCTION

The Defendants have filed a Motion to Dismiss various claims set forth in Plaintiff's First Amended Complaint. The Plaintiff does not agree with the Defendants' analysis of her claims. In particular, the Plaintiff, through this Opposition, submits that: (1) her Third and Fourth Causes of Action are not duplicative; (2) Labor Code Sections 6400 and 1102.5 provide a statutory basis for wrongful termination in violation of public policy; (3) and Labor Code Section 6310 provides for a cause of action against all Defendants. In support of this, the Plaintiff respectfully submits this Opposition to Plaintiff's Motion to Dismiss.

# II.
# STATEMENT OF FACTS

This matter arises in connection with an employment relationship between the Plaintiff, Sondra Boone (hereinafter, "Ms. Boone," or "Plaintiff"), and the Carlsbad Community Church (hereinafter, "Church"). Prior to her termination, Ms. Boone was a twenty-year employee of the Church. The last position she held at the Church was as the Administrative Assistant to the Senior Pastor, Charles Youngkin. (FAC, p. 3, ll. 15-16.)

On September 4, 2006, Plaintiff and four other female employees filed an internal complaint with the Church regarding their health and welfare while at the workplace. (FAC, p. 4, ll. 7-9.) One of the primary concerns noted in the complaint involved the safety of female Church employees who were left alone with indigent intakes. (FAC, p. 4, ll. 3-6.) In essence, the female employees were expected to remain alone with the homeless intakes, and this posed a serious threat to their health, safety, and well-being. (FAC, p. 4, ll. 7-9.)

Pastor Douglas Bosler, a supervisor, was outraged the employees filed the complaint. On September 8, after learning of the complaint, he entered Ms. Boone's office and verbally threatened, physically intimidated, and harassed her. (FAC, p. 4, ll. 13-15.) Following Bosler's outburst, Ms. Boone was in fear of her safety as she felt Bosler would likely engage in further harsh and threatening reprisals. (FAC, p. 4, ll. 16-17.) As such, she immediately filed a series of grievances with the Church starting on or around September 8, 2006. (FAC, p. 4, ll. 18-20.)

The Church failed to take immediate action and Ms. Boone remained in fear of her supervisor, Douglas Bosler. (FAC, p. 4, ll. 21-22.)

In February of 2007, through the regular course and scope of her employment, Boone discovered potential financial improprieties by high ranking Church mangers. (FAC, p. 4, ll. 25-26.) At or around the same time, Mrs. Boone was informed of an internal investigation regarding this possible financial abuse of Church funds. (FAC, p. 4, ll. 27-28.) Pastor Youngkin, Defendant Dick Lee, and Defendant Tom Wood were vehemently opposed to the investigation, but Mrs. Boone openly expressed her support for it. The investigation was set to begin on April 23, 2007, and one of the first employees scheduled to be interviewed was the Plaintiff, Sandy Boone. (FAC, p. 5, ll. 17-20.) On April 23, 2007, Francisco Mesquita and Tom Wood entered Mrs. Boone's office and fired her without cause prior to her being interviewed as part of the investigation. (FAC, p. 5, ll. 23-24.)

After her termination, Ms. Boone learned of a series of personal attacks made against her by Defendants Wood, Lee, and Mesquita, and Ms. Boone believes the Defendants continue to disseminate defamatory statements about her today. (FAC, pp. 5-6, ll. 25-28, 1-14.)

## III.
## APPLICABLE STANDARD

A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir.1984). On a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir.1986).

## IV.
## LEGAL ARGUMENT

**A.  Plaintiff's Third and Fourth Causes of Action are Not Duplicative**

Defendants maintain that Plaintiff's Third and Fourth Causes of action are duplicative.

(See Defs; P&A's in support of Motion to Dismiss, p. 4, ll. 9-14.) This is incorrect. Plaintiff's Third Cause of action is for *wrongful termination* in violation of public policy under Labor Code sections 1102.5 and 6400. Plaintiff's Fourth Cause of action is for *retaliation* in violation of Labor Code sections 1102.5 and 6310. These are two separate and distinct causes of action. *Cabesuela* is illustrative of this point. Notably, the *Cabesuela* court states,

> "It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action. An employer who fires an employee in retaliation for protesting unsafe working conditions violates fundamental public policy, and the discharged employee may bring a tort action for wrongful discharge in addition to his or her statutory remedies."

(*Cabesuela v. Browning-Ferris Industries of California, Inc.*, (1998) 68 Cal.App.4th at 107-108.)

Plaintiff's Third cause of action is a common law cause of action based on violation of public policy and her Fourth is a statutory cause of action. The claims are not duplicative and should not be dismissed.

**B.  Labor Code Sections 6400 and 1102.5 Provide a Statutory Basis For Wrongful Termination In Violation of Public Policy Claims**

As noted above, the Defendants seem to confuse "statutory claims" and "common law claims" predicated on violations of public policy. Plaintiff's Third Claim is for *wrongful termination* in violation of public policy. The Defendants erroneously maintain Plaintiffs proper course of action does not rest under Labor Code section 6400. (See Def's P's & A's in support of Motion to Dismiss, p. 4, ll. 17-19.) In doing so, the Defendants urge the Court to order the Plaintiffs to "allege the right code." (See Defs' P's & A's in support of Motion to Dismiss, p. 4, ll. 22-23.) Plaintiffs can, however, bring a wrongful termination in violation of a public policy claim under Labor Code section 6400. (See e.g., *Franklin v. Monadnock Company et al.* (2007) 151 Cal.App.4th 252.)

In addition, while the law is clear the failure to report illegal activity forecloses direct relief under section 1102.5(b), it is equally as clear that it does not obviate the fact that the reported activity may implicate a public interest sufficient to support a common law claim for wrongful termination in violation of public policy. (*Collier v. Superior Court*, (1991) 228

Cal.App.3d 1117.)

Labor Code sections 6400 and 1102.5 are discussed in further detail below.

### 1.    Labor Code Section 6400

Contrary to Defendant's assertion, Plaintiff can bring a wrongful termination in violation of a public policy claim under Labor Code section 6400. As a starting point, any wrongful discharge claim in violation of a public policy must be supported by either constitutional or statutory provisions. (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 889-890.) The statutory basis, here, is Labor Code section 6400. Plaintiff does not simply assume section 6400 basis provides the necessary basis here. Case law expressly tells us that it does. (See e.g., *Franklin v. Monadnock Company et al.* (2007) 151 Cal.App.4th 252.)

In *Palo Alto*, the Court analyzed Labor Code section 6400 and C.C.P. section 527.8 and concluded that "these provisions taken together express an *explicit public policy* requiring employers to take reasonable steps to provide a safe and secure workplace.... Such responsibility appears to include the duty to adequately address potential workplace violence. [fn. omitted.]" (*Palo Alto v. Service Employees International Union* (1999) 77 Cal.App.4th 327, 336-337.) (emphasis added.)

Building on *Palo Alto*, the *Franklin* court also expressly found that "Labor Code section 6400 et seq. and Code of Civil Procedure section 527.8, when read together, establish an explicit public policy requiring employers to provide a safe and secure workplace. . ." (*Franklin, supra*, 151 Cal.App.4th at 263.) In doing so, the court recognized a wrongful termination cause of action in violation of public policy under Labor Code section 6400. (*Id.*) This is precisely the type of claim the Plaintiff brings in her Third Cause of Action.

### 2.    Labor Code Section 1102.5

On September 4, 2006, the Plaintiff filed an internal complaint with her employer. This is uncontested. (See Defs' P&A's in support of Motion to Dismiss, p. 2, ll. 16-17.) Following this, the Plaintiff was threatened and physically intimidated by her Supervisor, Douglas Bosler. Again, she filed more complaints. This too, is uncontested. (See Defs' P&A's in support of Motion to Dismiss, p. 2, ll. 18-20.) Through the normal course and scope of her business,

1  Plaintiff discovered potential financial wrongdoings by Church officials. She then voiced
2  support for an audit. This is uncontested. (See Defs' P&A's in support of Motion to Dismiss,
3  p. 2, ll. 24-25.) Plaintiff was then fired. (See Defs' P&A's in support of Motion to Dismiss,
4  p. 2, ll. 27-28.)

5  Defendants suggest that Plaintiff's Third Cause of action should be dismissed because
6  she failed to report the above-referenced wrongdoings to a government agency. (See Defs'
7  P&A's in support of Motion to Dismiss, p. 4-5, ll. 24-25, 1-21.) Indeed, this would be true if
8  Plaintiff were raising a statutory claim under Labor Code section 1102.5. However, as noted
9  earlier, Plaintiff's claim is for wrongful termination in violation of public policy under Labor
10  Code section 1102.5. For this type of claim, the Plaintiff need not make reports to outside
11  agencies. (*Collier v. Superior Court*, (1991) 228 Cal.App.3d 1117.)

12  Notably, in *Collier*, the court expressly created a common law claim for wrongful
13  termination in violation of public policy based on Labor Code section 1102.5. (*Id.* at 1123-1127.)
14  In doing so, the *Collier* court did not limit such a claim to only those employees who file their
15  complaints with a government agency. (*Id.*) Those employees who report wrongdoings
16  internally could still bring a common law claim for wrongful termination in violation of public
17  policy based on Labor Code section 1102.5. (*Id.*)

18  Like the present matter, *Collier* involved an employee who was terminated for reporting
19  to his employer possible misconduct by other employees. (*Collier*, 228 Cal.App.3d at 1120.)
20  The court found that a crime-free workplace constituted a compelling fundamental public
21  interest, which served not only the interests of the employer, but the public at large. (*Id.* at
22  1127.) In doing so, the court recognized that regardless of whether or not an employee reports
23  wrongdoings to a public agency or his employer, Labor Code 1102.5 implicates a public interest
24  sufficient to support a common law claim for wrongful termination in violation of public policy.
25  (*Id.* at 1123.) The Plaintiff's Third Cause of Action should not be dismissed based on this alone.

26  As a matter of public concern, not a allowing a claim, here, would effectuate a policy by
27  which employees who discover wrongdoings in the workplace would have limited recourse in
28  the event they wish to disclose it internally. This is bad public policy, as it will allow for many

1  detected wrongdoings to fly under the radar. (See e.g., *Collier*, supra, at 1123-1124, discussing,
2  in detail, the serious policy concerns that arise under Labor Code section 1102.5.) For all of the
3  foregoing reasons, Ms. Boone's Third Cause of action should not be dismissed.

### C.  Labor Code Section 6310 is Not Guided By *Jones*

Defendants maintain that Plaintiff's claim under Labor Code section 6310 should be dismissed against the individual Defendants. Defendants base this on the reasoning set forth in *Jones*, which was decided within the past two months. (*Jones v. Lodge at Torrey Pines* (2008) 42 Cal.4th 1158.) The Defendants acknowledge that Labor Code section 6310 expressly states that no "person" shall discharge an employee in retaliation for reporting a safety issue, but believe *Jones* clarified that a retaliatory discharge cause of action does not impose personal liability for a supervisor who carries out the discharge.

Defendants' reliance on *Jones* is somewhat presumptuous. From the onset, in *Jones*, the Court indicates that it is deciding a FEHA matter. (*Jones*, 42 Cal.4th at 1160.)("In this case, we must decide whether the FEHA makes individuals personally liable for retaliation.) In order to reach its ultimate decision, *Jones* examines, in painstaking detail, the legislative history behind FEHA. To that end, the Court reviews, *inter alia*, legislative amendments, Legislative Counsel Digests, Assembly bills, and Committee Reports–all of which were in regard to FEHA. (*Jones*, 42 Cal.4th at 1167-1173.) Take for example the following, from *Jones*:

> "All indications are that Assembly Bill No. 1167 had no significant opposition. A bill analysis by the Department of Fair Employment and Housing (DFEH), signed by the "Department Director," described the bill, as amended on April 28, 1987, as "a technical clean-up bill to clarify various sections of the [FEHA] and make standards within the [FEHA] more consistent between subsections." (DFEH, Analysis of Assem. Bill No. 1167, as amended Apr. 28, 1987, p. 1.) It described several of the changes the bill would make, but again it does not mention at all the amendment to section 12940. It recommended supporting the bill, noting that the DFEH and the Fair Employment and Housing Commission (FEHC) "worked together to develop this technical clean-up legislation with the effort to make it noncontroversial." (*Id.*, p. 2.) Similarly, an enrolled bill report that the DFEH prepared, signed by the same Department Director who signed the DFEH's bill analysis, described Assembly Bill No. 1167 as technical cleanup legislation that was designed to be noncontroversial. It recommended the Governor sign the bill and noted that it had no opposition. (DFEH, Enrolled Bill Rep. on Assem. Bill No. 1167, Sept. 3, 1987.) The legislation passed by a vote of 32 to 0 in the Senate and 64 to 9 in the Assembly. (*Ibid.*) It is hard to imagine that a bill that created individual liability for retaliation where none had existed could be considered so noncontroversial."

(*Jones*, 42 Cal.4th at 1170-1171.)

This excerpt offers a perfect illustration of how confined *Jones* is to FEHA. Simply put, the Court takes great strides to determine the legislature's intent in connection with FEHA. The *Jones* Court makes no such inquiry, however, as to the intent of the legislature in connection with the Labor Code. Because the *Jones* analysis is so entwined with a legislative analysis based on FEHA, we cannot simply assume, as the Defendants do, that it reaches Labor Code retaliation claims as well. Accordingly, this Court should not dismiss the Plaintiff's Fourth Cause of action against the individual Defendants.

## V.
## CONCLUSION

Based on the foregoing, the Plaintiff respectfully request this Court to deny Defendants' Motion to Dismiss for Failure to State a Claim.

DATED: May 13, 2008

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*


By: /s/ Ryan L. Church
    Daniel R. Shinoff
    Ryan L. Church
    Gil Abed
Attorneys for Plaintiff SONDRA BOONE
Email: **rchurch@stutzartiano.com**

**STUTZ ARTIANO SHINOFF & HOLTZ**, A.P.C.
Daniel R. Shinoff, Esq. (State Bar No. 099129)
Gil Abed, Esq. (State Bar No. 195771)
Ryan L. Church, Esq. (State Bar No. 249484)
2488 Historic Decatur Road, Ste. 200
San Diego, California 92106
Telephone: (619) 232-3122
Facsimile: (619) 232-3264
Attorneys for: Plaintiff SONDRA BOONE

*Boone v. Carlsbad Community Church, et al.*
United States District Court for the Southern District of CA - Case No.:08 CV 0634 W AJB

### DECLARATION OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, CA 92106-6113.

On May 13, 2008, I served the following documents: **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

☒ **BY ELECTRONIC SERVICE** On the date executed below, I served the document(s) via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

☐ **BY MAIL** by depositing in the United States Postal Service mail box at 2488 Historic Decatur Road, Suite 200, San Diego, California 92106, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

| Golnar J. Fozi, Esq.<br>DALEY & HEFT<br>462 Stevens Avenue, #201<br>Solana Beach, CA 92075<br>Tel: (858) 755-5666<br>Fax: (858) 755-7870 | Counsel for Defendants |
|---|---|

Executed on May 13, 2008, at San Diego, California.

_____
ELAINE FEIN