**STUTZ ARTIANO SHINOFF & HOLTZ**
*A Professional Corporation*
Daniel R. Shinoff, Esq. (State Bar No. 99129)
Gil Abed, Esq. (State Bar No. 195771)
Ryan L. Church, Esq. (State Bar No. 249484)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Tel: (619) 232-3122
Fax: (619) 232-3264

Attorneys for Plaintiff Sondra Boone

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA BOONE, <br><br> Plaintiff, <br><br> vs. <br><br> CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA and DOES 1-20, <br><br> Defendants. | Case No. 08 CV 0634 W AJB <br><br> DEPT: 7 <br> DIST. JUDGE: Thomas J. Whelan <br> MAG. JUDGE: Anthony J. Battalia <br> DATE: 5/27/08 <br> TIME: 10:30 a.m. <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' AMENDED MOTION TO STRIKE** <br><br> COMPLAINT FILED: October 29, 2007 <br> TRIAL DATE: None Set |

## I.
## INTRODUCTION

Defendants have filed a Motion to Strike Plaintiff's allegations regarding her discovery of financial improprieties and her expressed support of an internal audit at her place of employment. Plaintiff respectfully submits this Opposition to Defendants' Motion to Strike.

## II.
## STATEMENT OF FACTS

This matter arises in connection with an employment relationship between the Plaintiff, Sondra Boone (hereinafter, "Ms. Boone," or "Plaintiff"), and the Carlsbad Community Church (hereinafter, "Church"). Prior to her termination, Ms. Boone was a twenty-year employee of the

1

08 CV 0634 W AJB

Church. The last position she held at the Church was as the Administrative Assistant to the Senior Pastor, Charles Youngkin. (FAC, p. 3, ll. 15-16.)

On September 4, 2006, Plaintiff and four other female employees filed an internal complaint with the Church regarding their health and welfare while at the workplace. (FAC, p. 4, ll. 7-9.) One of the primary concerns noted in the complaint involved the safety of female Church employees who were left alone with indigent intakes. (FAC, p. 4, ll. 3-6.) In essence, the female employees were expected to remain alone with the homeless intakes, and this posed a serious threat to their health, safety, and well-being. (FAC, p. 4, ll. 7-9.)

Pastor Douglas Bosler, a supervisor, was outraged the employees filed the complaint. On September 8, after learning of the complaint, he entered Ms. Boone's office and verbally threatened, physically intimidated, and harassed her. (FAC, p. 4, ll. 13-15.) Following Bosler's outburst, Ms. Boone was in fear of her safety as she felt Bosler would likely engage in further harsh and threatening reprisals. (FAC, p. 4, ll. 16-17.) As such, she immediately filed a series of grievances with the Church starting on or around September 8, 2006. (FAC, p. 4, ll. 18-20.) The Church failed to take immediate action and Ms. Boone remained in fear of her supervisor, Douglas Bosler. (FAC, p. 4, ll. 21-22.)

In February of 2007, through the regular course and scope of her employment, Boone discovered potential financial improprieties by high ranking Church mangers. (FAC, p. 4, ll. 25-26.) At or around the same time, Mrs. Boone was informed of an internal investigation regarding this possible financial abuse of Church funds. (FAC, p. 4, ll. 27-28.) Pastor Youngkin, Defendant Dick Lee, and Defendant Tom Wood were vehemently opposed to the investigation, but Mrs. Boone openly expressed her support for it. The investigation was set to begin on April 23, 2007, and one of the first employees scheduled to be interviewed was the Plaintiff, Sandy Boone. (FAC, p. 5, ll. 17-20.) On April 23, 2007, Francisco Mesquita and Tom Wood entered Mrs. Boone's office and fired her without cause prior to her being interviewed as part of the investigation. (FAC, p. 5, ll. 23-24.)

After her termination, Ms. Boone learned of a series of personal attacks made against her by Defendants Wood, Lee, and Mesquita, and Ms. Boone believes the defendants continue to

disseminate defamatory statements about her today. (FAC, pp. 5-6, ll. 25-28, 1-14.)

## III.

## APPLICABLE LEGAL STANDARD

Rule 12(f) provides that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal.1991). Evidentiary allegations are not usually proper pleading, but allegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant. *Fuchs Sugar & Syrups, Inc. v. Amstar Corp.*, 402 F.Supp. 636, 637-638 (S.D.N.Y.1975).

Where allegations, when read with the complaint as a whole, give a full understanding thereof, they need not be stricken. *Bloombury Woolen Company v. Moosehead Woolen Mills*, 109 F.Supp. 804, 806 (D.Me.1953). Under the liberal federal pleading rules notice and clarity of claims is all that is required. *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1337 (N.D.Cal.1991).

## IV.

## LEGAL ARGUMENT

**A.   This Court Should Not Strike Plaintiff's Allegations Regarding Her Discovery of Financial Improprieties and Her Expressed Support of an Internal Audit**

Defendants ask this Court to strike Plaintiff's allegations regarding her discovery of potential financial improprieties or wrongdoings by Defendants officials. (See, Defendant's Motion to Strike, p. 9, ll. 4-10.) In addition, Defendants request that all allegations that Plaintiff "openly supported" a financial audit of the Church should also be stricken. (See, Defendant's Motion to Strike, p. 9, ll. 4-10.)

*Collier v. Superior Court*, (1991) 228 Cal.App.3d 1117 guides this matter. In *Collier*, the Plaintiff alleged that he was terminated in retaliation for reporting to the defendant possible illegal or improper conduct by other employees. (*Id.* at 1120.)

3

Notably, in *Collier*, the court expressly created a common law claim for wrongful termination in violation of public policy based on, *inter alia*, Labor Code section 1102.5. (*Id.* at 1123-1127.) In doing so, the *Collier* court did not limit such a claim to only those employees who file their complaints with a government agency. (*Id.*) Those employees who report wrongdoings internally could still bring a common law claim for wrongful termination in violation of public policy based on, *inter alia*, Labor Code section 1102.5. (*Id.*) As noted above, the Plaintiff in *Collier* did not report any "safety issues," rather, he reported potential wrongdoings of his fellow employees. (*Collier*, 228 Cal.App.3d. at 1120.) The court found, among other things, that a crime-free workplace constituted a compelling fundamental public interest, which served not only the interests of the employer, but the public at large. (*Id.* at 1127.)

As a matter of public concern, *Collier* noted that not providing recourse for those employees who make internal reports of wrongdoings would effectuate a policy that would give little incentive to employees to bring improper acts to the attention of their employers. As a result, it will allow for many detected wrongdoings to go undetected. (See e.g., *Collier*, supra, at 1123-1124.)

The present case is indistinguishable from *Collier* and the policy it seeks to effectuate. The Plaintiff, here, discovered potential financial wrongdoings being committed by other employees at the Church. (FAC, p. 4-5, ll. 25-28, 1-2.) Two of the people whom she learned may have been misusing Church funds included Defendants Mesquita and Wood. (*Id.*) Like the plaintiff in *Collier*, Boone did not want financial wrongdoings to go under the radar. Accordingly, she expressed her concern with her supervisors and volunteered to meet with investigators who were looking in to the financial improprieties..(FAC, p. 5, ll. 3-8.) Like the plaintiff in *Collier*, Boone faced reprisal, retaliation, and termination as a result.

Contrary to what the Defendants maintain, the basis of at least two of Plaintiff's causes of action are directly related to her discovery of financial wrongdoings and her subsequent support of an investigation. (See FAC, 3rd and 4th Cause of Action.) That is, Plaintiff expressly alleges, in her FAC, that she was retaliated against/terminated due to her support of the

4

1  investigation. (See FAC, pp. 10, ll. 11-14, p. 11, ll. 15-17.)

2  Moreover, the Defendants appear to suggest there is no fundamental public policy at issue here. (See, Defendant's Motion to Strike, p. 9, ll. 18-25.) This is wholly erroneous, and entirely inconsistent with the holding in *Collier*. That is, as *Collier* clearly establishes, wrongful termination and retaliation in violation of public policy is not merely limited to issues of workplace safety. (*Collier*, 228 Cal.App.3d. at 1127.) Report and detection of improper and illicit behavior by fellow employees constitutes a compelling fundamental public interest, which serves not only the interests of the employer, but the public at large. (*Id.*) Defendants seem to overlook this principle of law. The Defendants' Motion to Strike paragraphs 25 through 32 should be denied.

DATED: May 13, 2008

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*

By:  s/ Ryan L. Church
Daniel R. Shinoff
Ryan L. Church
Gil Abed
Attorneys for Plaintiff SONDRA BOONE
Email: **rchurch@stutzartiano.com**

**STUTZ ARTIANO SHINOFF & HOLTZ**, A.P.C.
Daniel R. Shinoff, Esq. (State Bar No. 099129)
Gil Abed, Esq. (State Bar No. 195771)
Ryan L. Church, Esq. (State Bar No. 249484)
2488 Historic Decatur Road, Ste. 200
San Diego, California 92106
Telephone: (619) 232-3122
Facsimile: (619) 232-3264
Attorneys for: Plaintiff SONDRA BOONE

*Boone v. Carlsbad Community Church, et al.*
United States District Court for the Southern District of CA - Case No.:08 CV 0634 W AJB

### DECLARATION OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, CA 92106-6113.

On May 13, 2008 I served the following document: **PLAINTIFF'S OPPOSITION TO DEFENDANTS' AMENDED MOTION TO STRIKE**

☒ **BY ELECTRONIC SERVICE** On the date executed below, I served the document(s) via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

| | |
|---|---|
| Golnar J. Fozi, Esq.<br>DALEY & HEFT<br>462 Stevens Avenue, #201<br>Solana Beach, CA 92075<br>Tel: (858) 755-5666<br>Fax: (858) 755-7870 | Counsel for Defendants |

Executed on May 13, 2008, at San Diego, California.

_____
ELAINE FEIN