DALEY & HEFT, ATTORNEYS AT LAW
ROBERT W. BROCKMAN, ESQ. (SBN 123546)
GOLNAR J. FOZI, ESQ. (SBN 167674)
462 STEVENS AVENUE, SUITE 201
SOLANA BEACH, CA  92075
TELEPHONE:  (858) 755-5666
FACSIMILE:  (858) 755-7870

Attorneys for Defendants
CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE and FRANCISCO MESQUITA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA BOONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA and DOES 1-20,<br><br>　　　　Defendants. | Case No. 08 CV 0634 W AJB<br><br>**DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]**<br><br>[No Oral Argument Per Local Rule]<br><br>DATE: May 27, 2008<br>TIME: 10:30 a.m.<br>DEPT.: 7<br>DIST. JUDGE:  Thomas J. Whelan<br>MAG. JUDGE:  Anthony J. Battalia |

**1.**

**INTRODUCTION**

Defendants' motion to dismiss asked the Court to dismiss the Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action as against the individual defendants WOOD, LEE, and MESQUITA.  Plaintiff's Opposition does not address the motion to dismiss the Sixth through Eighth Causes of Action, and hence concedes their legal deficiencies.  The only matters at issue, therefore, are whether individual supervisors can be liable for retaliatory discharge.  The law provides that individuals acting on behalf of an employer cannot be liable for personnel decisions

1  such as termination. These three defendants should be dismissed from the Third through Eighth
2  Causes of Action.

### 2.

**THE INDIVIDUAL DEFENDANTS ARE NOT LIABLE FOR WRONGFUL TERMINATION OR RETALIATION IN VIOLATION OF PUBLIC POLICY ENUNCIATED IN LABOR CODE SECTIONS 1102.5, 6301, AND 6400**

A.  **Section 1102.5 Is Inapplicable to this Case As Plaintiff Never Complained to a Government or Law Enforcement Agency**

California Labor Code section 1102.5 is the basis of the Third and Fourth Causes of Action for Wrongful Termination and Retaliation in violation of public policy. The Motion to Dismiss showed that by its express terms, Labor Code section 1102.5 protects an employee who has made a report of workplace safety *to a government or law enforcement agency*. Here, since plaintiff does not, and cannot, allege that she complained of workplace safety to a government or law enforcement agency, she cannot premise her wrongful termination causes of action on Section 1102.5.

In her Opposition, plaintiff concedes that she did not make a report to a government or law enforcement agency. She further concedes that a cause of action under Labor Code Section 1102.5 requires reporting to a government agency. However, she claims she can still premise her Third and Fourth Causes of Action for wrongful termination on Section 1102.5 because she is not alleging a violation of that statute, but a violation of the public policy advanced by that statute. Plaintiff's argument is simply incorrect under California law.

In *Jennings v. Marralle* (1994) 8 Cal.4th 121, the California Supreme Court considered whether an employer that was not subject to statutory liability could be liable for a common law claim for wrongful termination in violation of that statute. In that particular case, the plaintiff had sued his employer for wrongful termination in violation of the public policy against age discrimination as enunciated in the California Fair Employment and Housing Act ("FEHA"). The employer, however, had fewer than five employees and hence was not an "employer" within the meaning of the statute. Acknowledging that the FEHA enunciated a significant policy of the state

1  in preventing age discrimination, the Supreme Court nonetheless held that if a statutory remedy
2  does not apply to an employee, then the employee cannot maintain a common law tort action for
3  damages wrongful discharge in violation of that public policy.  (*Id.* at 135-136.) If the legislature
4  did not intend to make certain employers subject to certain statutes, then a basis for liability could
5  not be carved out in a tort claim based on the inapplicable statute. (*Id.*)

6  Four years later in *Reno v. Baird* (1998) 18 Cal.4th 640, the California Supreme again
7  refused to impose tort liability for wrongful termination in violation of a public policy enunciated
8  in the FEHA where the employer was not liable under the statute.  In that case, the plaintiff sued
9  her employer and her supervisor for wrongful termination under the FEHA and in violation of
10 public policy.  The Supreme Court held that an individual supervisor was not personally liable for
11 wrongful termination in violation of the FEHA, and hence could not be personally liable for
12 common law wrongful termination in violation of the policy enunciated in the FEHA: "It would
13 be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same
14 action under a different rubric. Because plaintiff may not sue Baird as an individual supervisor
15 under the FEHA, she may not sue her individually for wrongful discharge in violation of public
16 policy." (*Id.* at 663-664.)[1]

17 Similarly here, plaintiff admits she cannot maintain a claim for wrongful termination in
18 violation of Labor Code section 1102.5 against defendants because she ***never*** filed a complaint
19 with government agencies.  Yet, she claims she should be able to assert a cause of action for
20 wrongful termination in violation of public policy enunciated in Section 1102.5.  As the California
21 Supreme Court has made clear, a defendant cannot be liable for a public policy claim premised
22 on a statute when the defendant is not liable under the statute itself.  If the statute does not apply
23 to plaintiff or to the defendant, then the public policy it advances is similarly inapplicable.

24 Therefore, plaintiff cannot maintain her Third and Fourth Causes of Action to the extent
25 they are based on Section 1102.5.
26 ///
27
28 
---
[1]  The Court should note that both *Reno* and *Jennings* were decided after the court of appeal's opinion in *Collier v. Superior Court* (1991) 228 Cal.App.3d 1117, on which plaintiff relies.

**3**
**DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]**

**B.   There Can Be No Personal Liability under Section 6400**

The Third Cause of Action also alleges violation of a public policy stated in Labor Code section 6400. The Fifth Cause of Action alleges violation of Section 6400. Defendants' moving papers showed that Section 6400 requires an *employer* to create safe working condition: (Section 6400(a).) "Employer" is defined as a state agency or public agency, and every person that has a natural person in service. (*See* Sections 6304 and 3300.)   Defendants provided the Court with legislative history showing that the term "employer" was amended in 1971 to exclude individual supervisors. (See Historical and Statutory Notes to Section 6304.")

Defendant then cited to *Reno v. Baird* for the well-established proposition that individuals are not liable for violation of public policy when the underlying statute does not create individual liability. (18 Cal.4th at 663.) The Motion to Dismiss thus showed that defendants WOOD, LEE, and MESQUITA are *not* proper parties to a claim premised on Section 6400.

In response to the above authorities and arguments, plaintiff did not offer a single word of opposition. Her opposition does not address this issue at all. Plaintiff has conceded this point, and it would have been impossible for her to do otherwise. The individual defendants are not liable for a public policy claim under Section 6400.

**C.   There Can Be No Personal Liability under Section 6310**

In their Motion to Dismiss, defendants showed that Section 6310 is inapplicable to individual defendants because it prohibits discharge due to reporting unsafe working conditions. First, even though the statute provides that no "person" should discharge an employee for reporting workplace safety, its remedy provisions only lie against the *employer*, not the individual agent/employee who carries out the adverse employment decision.   Moreover, the California Supreme Court's decision in *Jones v. The Lodge at Torrey Pines* (2008) 42 Cal.4th 1158 recently held that individual supervisors cannot be personally liable for retaliatory discharge. The statute under review by the Supreme Court in *Jones* was Government Code section 12940(h), which also prohibited retaliation by any "person", as is the case with Labor Code Section 6310. In holding that a supervisor cannot be liable for retaliatory discharge under Gov. Code section 12940(h), the Supreme Court invoked broad public policy reasons:

> "[I]f every personnel manager risked losing his or her home, retirement savings, hope of children's college education, etc., whenever he or she made a personnel management decision, management of industrial enterprises and other economic organizations would be seriously affected. Plaintiffs' theory would place a supervisory employee in a direct conflict of interest with his or her employer every time that supervisory employee was faced with a personnel decision.... [It] would coerce the supervisory employee not to make the optimum lawful decision for the employer. Instead, the supervisory employee would be pressed to make whatever decision was least likely to lead to a claim of discrimination against the supervisory employee personally, or likely to lead only to that discrimination claim which could most easily be defended." (*Id.* at 1166, *quoting Reno v. Baird, supra.*)

Given the broad public policy reasons invoked by the Supreme Court, it is unreasonable to suggest that the Court's statutory interpretation of one statute prohibiting retaliatory discharge would be inapplicable to another statute prohibiting retaliatory discharge. In *Jones* the facts related to a cause of action for retaliation in reporting sexual harassment, but the Court never limited its analysis, its holding or the underpinnings of the holding to FEHA claims. Here, plaintiff alleges retaliation for reporting an allegedly unsafe working condition. The statutes are identical in their use of the term "person" and both proscribe retaliatory discharge. Whether under Gov't Code Section 12940(h) or under Labor Code section 6310, there can be no supervisor liability for personnel decisions later said to be retaliatory.

**D.  The Third, Fourth and Fifth Cause of Action Must Be Dismissed as Against the Individual Defendants**

Based on the foregoing:

1. The third cause of action for Wrongful Termination in Violation of Public Policy (Labor Code Sections 1102.5 and 6400) cannot be maintained against defendants WOOD, LEE and MESQUITA;

2. The fourth cause of action for Retaliation in Violation of Public Policy (Labor Code Section 1102.5 and 6301) cannot be maintained against defendants WOOD, LEE and MESQUITA

3. The fifth cause of action for Violation of Labor Code Section 6400 et seq. cannot be maintained against defendants WOOD, LEE and MESQUITA.

///

As to the Church, defendants request that the Court strike the allegation of the third cause of action in so far as they relate to Labor Code Section 1102.5, as this section is inapplicable to the facts alleged by plaintiff.

**3.**

**PLAINTIFF OFFERS NO OPPOSITION TO THE MOTION TO DISMISS THE SIXTH CAUSE OF ACTION**

The sixth cause of Action alleges "Retaliation in Violation of 42 U.S.C. Section 2000e-3(a)" against all defendants. It alleges that plaintiff was terminated for protesting a workplace safety issue back in September of 2006. Defendant's Motion to Dismiss showed that Section 2000e protects discrimination due to certain protected classifications such as race and gender. It has nothing to do with workplace safety issues.

Plaintiff's Opposition did *not* address this point. Plaintiff has not opposed the motion to dismiss the Sixth Cause of Action. The Motion should be granted without leave to amend.

**4.**

**PLAINTIFF OFFERS NO OPPOSITION TO THE MOTION TO DISMISS THE SEVENTH AND EIGHTH CAUSES OF ACTION AS TO THE INDIVIDUAL DEFENDANTS**

In their Motion to Dismiss, defendants asked the Court to dismiss the Seventh and Eighth Causes of Action as against them. These causes of action allege "Discrimination and Harassment". Defendant showed that Title VII actions for discrimination may not be maintained against individual supervisors. (*Miller v. Maxwell International, Inc*., 991 F.2d 583, 587 (9th Cir. 1993.) As to harassment, plaintiff's First Amended Complaint had not alleged a single incident of harassment on the part of the three individual defendants plaintiff has dragged into this case.

Plaintiff's Opposition does not address these points. Plaintiff has not opposed the motion to dismiss the Seventh and Eighth Causes of Action as against the individual defendants WOOD, LEE and MESQUITA without leave to amend.

///

///

Case 3:08-cv-00634-W-AJB    Document 13    Filed 05/19/2008    Page 7 of 7

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court dismiss the Third through Eighth Causes of Action as against the individual defendants WOOD, LEE, and MESQUITA because they cannot be liable for participation in a termination decision. Defendants respectfully request that Court dismiss the Fourth and Sixth Causes of Action in their entirety. Defendants request that the Court dismiss allegations relating to Labor Code section 1102.5 in the Third Cause of Action.

Dated: May 19, 2008                    DALEY & HEFT, LLP


By: */s/ Golnar J. Fozi*
    ROBERT W. BROCKMAN
    GOLNAR J. FOZI
    Attorneys for Defendants CARLSBAD
    COMMUNITY CHURCH, TOM WOOD,
    DICK LEE and FRANCISCO
    MESQUITA

**DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]**