| | |
|---|---|
| DALEY & HEFT, ATTORNEYS AT LAW<br>ROBERT W. BROCKMAN, ESQ. (SBN 123546)<br>GOLNAR J. FOZI, ESQ. (SBN 167674)<br>462 STEVENS AVENUE, SUITE 201<br>SOLANA BEACH, CA  92075<br>TELEPHONE:  (858) 755-5666<br>FACSIMILE:  (858) 755-7870<br><br>Attorneys for Defendants<br>CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE and FRANCISCO MESQUITA | |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONDRA BOONE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA and DOES 1-20,<br><br>　　　　Defendants. | Case No. 08 CV 0634 W AJB<br><br>**DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLAIMS AND ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT [FRCP 12(f)]**<br><br>[No Oral Argument Per Local Rule]<br><br>DATE:  May 27, 2008<br>TIME:  10:30 a.m.<br>DEPT.:  7<br>DIST. JUDGE:  Thomas J. Whelan<br>MAG. JUDGE:  Anthony J. Battalia |

**1.**

## PLAINTIFF OFFERS NO OPPOSITION TO THE MOTION TO STRIKE FEHA ALLEGATIONS

Defendants' Motion to Strike asked the Court to strike all allegations regarding a violation of the California Fair Employment and Housing Act ("FEHA") because a Church is not an employer under the FEHA, and because Church employees are also immune from suit under the FEHA. (Government Code Section 12940(a) and (j); *Acuna v. Regents of University of California* (1997) 56 Cal.App.4th 639.)

Plaintiff has offered no opposition to the motion to strike the FEHA allegations in the First, Second, Seventh and Eighth causes of action. In light of well-established law and plaintiff's concession of same, the motion to strike should be granted.

## 2.

## ALLEGATIONS REGARDING FINANCIAL IMPROPRIETIES ARE IRRELEVANT AND ASSERTED IN ORDER TO VILIFY

With the FEHA related claims removed, plaintiff's lawsuit alleges she was terminated for the following supposed reasons:

1. Age (Title VII)
2. Gender (Title VII)
3. Complaining of an alleged unsafe working condition consisting of female employees working without male supervision (Labor Code Sections 110.2, 6301 and 6400).

Although plaintiff also claims she was fired in part because she openly supported an *internal* financial audit, she simply cannot tie an internal church audit to a significant public policy. It is well-established that if one wishes to claim retaliatory discharge in violation of a public policy, the public policy at issue must be ***fundamental***, ***substantial*** and ***well-established*** at the time of discharge. (*Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083.) It must be a policy "about which reasonable persons can have little disagreement." *(Foley v. Interactive Data Corporation* (1988) 47 Cal.3d 654, 668.)

The California Supreme Court in *Foley* cautioned against finding public policy significance in statutes that simply regulate conduct between private individuals or impose requirements that do not fulfill fundamental policy concerns. (*Id.* at 669.) Similarly, in *Gantt*, the Supreme Court emphasized that the public policy invoked must involve a matter which affect society at large, rather than a purely personal or proprietary interest of the employer.

In *Sequoia Insurance Company v. Superior Court* (1993) 13 Cal.App.4th 1472, the plaintiff claimed that he had been discharged by his employer, an insurance company, for refusing to inflate claim reserves, a scheme to circumvent the purposes of Proposition 103. The court held that these allegations did not support a wrongful termination cause of action because Proposition

1  103 had no specific provision mandating amounts of claims for claim reserves. The public's
2  general objectives of controlling the rise of insurance rates was too tenuous to serve as a public
3  policy exception to employment at will. (*Id*. at 1480-1481.)

4  Here, plaintiff cannot possibly suggest that the financial affairs of a community church in
5  Carlsbad affects society at large and implicate fundamental and well-established public policy of
6  the State of California. There is no constitutional or statutory right to openly support a church
7  audit, nor is there a constitutional or statutory right to be interviewed in the course of an internal
8  audit. Plaintiff's reliance on *Collier v. Superior Court* (1991) 228 Cal.App.3d 1117, is inapposite.
9  In *Collier*, plaintiff reported illegal conduct consisting of bribery, kickbacks, tax evasion, drug
10 trafficking, money laundering, and violations of the federal antitrust laws. The court in *Collier*
11 found that violations of federal antitrust laws, which provided for both criminal prosecution and
12 civil liability, implicated a significant public policy because they harmed purchasers, sellers,
13 consumers and competitors, and hence have broad societal implication. Here, plaintiff has not
14 alleged issues of fundamental public policy.

15 The allegations regarding to plaintiff's support of an internal audit or financial misdeeds
16 must be stricken because they are completely irrelevant to the Title VII claims or the workplace
17 safety claims. They are inserted into the lawsuit only to vilify and to distract, and presumably to
18 permit plaintiff to open up the financial books of the Church under the guide of civil discovery.
19 If plaintiff claims she was terminated due to her age, gender or reporting workplace safety issues,
20 then the parties should litigate these issues. Irrelevant matters calculated to impose a discovery
21 burden should be stricken.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3
**DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLAIMS AND ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT [FRCP 12(f)]**

**3.**

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion to strike the allegations of the FAC relating to the FEHA, and to financial reporting.

Dated: May 19, 2008                    DALEY & HEFT, LLP


By: */s/ Golnar J. Fozi*
    ROBERT W. BROCKMAN
    GOLNAR J. FOZI
    Attorneys for Defendants CARLSBAD
    COMMUNITY CHURCH, TOM WOOD,
    DICK LEE and FRANCISCO
    MESQUITA