UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA BOONE,<br><br>    Plaintiff,<br><br>  vs.<br><br>CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA and DOES 1-20,<br><br>    Defendants. | CASE NO. 08-CV-0634 W (AJB)<br><br>**ORDER (1) GRANTING-IN-PART and DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS, (Doc. Nos. 5, 9); (2) GRANTING-IN-PART and DENYING-IN-PART DEFENDANTS' MOTION TO STRIKE (Doc. Nos. 4, 8)** |

On April 8, 2008 Defendants Carlsbad Community Church (the "Church"), Tom Wood ("Wood"), Dick Lee ("Lee") and Francisco Mesquita ("Mesquita") (collectively, "Defendants") removed this action from San Diego Superior Court to the Southern District of California. (Doc. No. 1.) Plaintiff Sondra Boone ("Plaintiff" or "Boone") alleges that Defendants violated various federal, state and common laws prohibiting job discrimination and harassment and tortiously defamed and subjected Plaintiff to emotional distress. (*Notice of Removal*, Ex. D [hereinafter *FAC*].) On April 11, 2008 Defendants moved to dismiss Plaintiff's suit under Federal Rule of Civil Procedure 12(b)(6)[1] for failure to state a claim. (Doc. No. 5.) The same day, Defendants also

---

[1] Unless otherwise specified, all future references to "Rule" will be to the Federal Rules of Civil Procedure.

moved to strike under Rule 12(f) certain claims and allegations in Plaintiff's First Amended Complaint ("FAC"). The Court takes both matters under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' motion to dismiss under Rule 12(b)(6) and **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' motion to strike under Rule 12(f).

I.  **BACKGROUND**

Plaintiff Sondra Boone is a sixty-one year old resident of San Diego County. (*FAC* ¶¶ 1, 9.) Defendant Carlsbad Community Church is a church located in San Diego. (*Id.* ¶ 2.) Defendants Tom Wood, Dick Lee, and Francisco Mesquita are or were employed at the Church in various capacities. (*Id.* ¶¶ 3, 4.)

In September 1987, the Church hired Boone as a Data Base Specialist. (*Id.* ¶¶ 9, 10.) Some time later, the Church promoted Boone to Administrative Assistant to the Senior Pastor, though Boone has never held any position germane to the religious functioning of the Church. (*Id.* ¶¶ 10, 11.)

Boone alleges that at various times throughout her employment, supervisor Doug Bosler ("Bosler") subjected her and others to abusive and threatening behavior. (*Id.* ¶ 12.) Boone also alleges that all Defendants discriminated against her on the basis of her age and gender. (*Id.* ¶¶ 13, 14.)

On September 1, 2006 Boone and four other female employees were allegedly left alone in the Church office. (*Id.* ¶ 15.) Boone contends that the group felt unsafe because indigent visitors frequently came to the Church office seeking assistance. (*Id.* ¶ 16.) On September 4, 2006 Boone allegedly submitted a written complaint regarding her safety concerns to Senior Pastor Charles Youngkin ("Youngkin") and to the Board of Elders (the "Board"). (*Id.* ¶ 17.)

On September 8, 2006 Bosler allegedly threatened, harassed, and physically intimidated Boone for complaining to Youngkin and the Board. (*Id.* ¶ 19.) The same

day, Boone submitted another complaint regarding Bosler's threatening behavior. (FAC ¶ 21.) Boone alleges that the Church took no immediate action to address any of her complaints submitted to date. (*Id.* ¶ 22.)

In January 2007, the Church hired Defendant Mesquita as Pastor of Administration. (*Id.* ¶ 23.) Due to the nature of Plaintiff's job, Boone allegedly came across information suggesting that Mesquita and Defendant Lee, the Church treasurer, were misusing Church funds. (*Id.* ¶¶ 24, 25.)

On March 19, 2007 the Church Administration Ministry Team discussed investigating possible financial improprieties within the Church. (*Id.* ¶ 26.) Although Boone supported the investigation and wished to discuss her suspicions regarding Mesquita and Lee, Youngkin allegedly became angry at Boone's enthusiasm. (*Id.* ¶¶ 28, 29.) Boone was allegedly intimidated by Youngkin and fearful for her safety. (*Id.* ¶ 29.)

On April 22, 2007 the Church began an official investigation into financial improprieties as they related to Church funds. (*Id.* ¶ 30.) The investigative team made it clear that they intended to interview all administrative staff members, including Boone. (*Id.* ¶ 31.) On April 23, 2007, prior to Boone being interviewed, Defendants Mesquita and Wood terminated Boone's employment with the Church. (*Id.* ¶ 33.)

On April 25, 2007 and on other dates thereafter Mesquita allegedly falsely told Church employees that Boone broke into the Church and destroyed her former work computer. (*Id.* ¶ 34, 35.) On August 26, 2007 Defendant Lee allegedly sent an email to Paula Padilla, a member of the community, stating that Boone was fired because she "[h]ad done things that were evil and absolutely despicable." (*Id.* ¶ 36.) On September 1, 2007 Defendant Wood allegedly called Carol Nave, a member of the community, and stated that Boone was fired because she did "grievous acts." (*Id.* ¶ 37.) On September 3, 2007 Defendant Wood allegedly stated to Clyde Cobb, a member of the community, that Boone was fired because she had done "[e]vil things." (*Id.* ¶ 38.) Boone alleges that these types of statements continue to this day. (*Id.* ¶ 39.)

In this suit, Boone alleges that Defendants violated various federal, state and

common laws prohibiting job discrimination and harassment and tortiously defamed and subjected Plaintiff to emotional distress.[2]  (See generally FAC.)  On April 8, 2008 Defendants Church, Wood, Lee and Mesquita removed this action from San Diego Superior Court to the Southern District of California. (Doc. No. 1.)  On April 11, 2008 Defendants moved to dismiss Boone's suit under Rule 12(b)(6) for failure to state a claim. (Doc. No. 5.)  The same day, Defendants also moved to strike under Rule 12(f) certain claims and allegations in Boone's FAC.  On May 13, 2008 Boone opposed both motions. (Doc. Nos. 10, 11.)  On May 19, 2008 Defendants filed their Reply briefs. (Doc. Nos. 13, 14.)  This Order shall resolve both pending motions.

II.  **LEGAL STANDARDS**

  **A.  Rule 12(b)(6): Motion to Dismiss For Failure to State A Claim**

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if doubtful in fact," are assumed to be true.  Id.  The court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court recently explained, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the

---

[2] It appears that, as required, Boone properly exhausted her state and federal administrative remedies before filing suit. (FAC Ex. A; Ex. B.)

speculative level." Bell Atlantic, 127 S. Ct. at 1964–65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

### B. Rule 12(f): Motion to Strike Redundant, Immaterial, Impertinent or Scandalous Matters

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. Chong v. State Farm Mut. Auto. Ins. Co., 428 F.Supp.2d 1136, 1139 (S.D. Cal. 2006); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003). Thus, courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Cent. Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992).

### III. DISCUSSION

#### A. Defendants' Motion to Dismiss Under Rule 12(b)(6)

##### i. *Plaintiff's Third (Public Policy) Cause of Action For Wrongful Termination of Employment in Violation of Labor Code sections 1102.5 and 6400 As Against Defendant Church*

Defendants argue that Boone does not state a valid cause of action under Labor Code section 1102.5 because Boone does not allege that she disclosed information to a government or law enforcement agency; rather, she only complained to Church staff.

(*Defs.' Mot. to Dismiss* 4–5.)  Moreover, Defendants allege, California Labor Code section 6400 does not provide the basis for a cause of action—section 6310 is the proper statute. (*Id.*)  Because of these imprecisions, Defendants argue that Boone's third cause of action does not state a valid claim.

Boone, in opposition, spends much time distinguishing common law and statutory wrongful termination claims, and eventually characterizes her third cause of action as a claim based on public policy grounds. (*Pl.'s Opp'n to Mot. to Dismiss* 2–5.)  Boone then argues that Collier v. Superior Court, 279 Cal. Rptr. 453 (Cal. Ct. App. 1991) created a public policy claim that complemented the goals of California Labor Code section 1102.5, even where plaintiffs did not report suspicions of misconduct to outside authorities. (*Id.*)

One requirement for wrongful discharge claims rooted in public policy is that the public policy must be supported by either constitutional or statutory provisions. Stevenson v. Superior Court, 66 Cal. Rptr. 888, 889–90 (Cal. Ct. App. 1997).

California Labor Code section 6400 states that every employer shall furnish a place of employment that is safe and healthful for the employees therein.  Courts have found that California Labor Code sections 6400 *et. seq.* also establish a general public policy requiring employers to provide a safe and secure workplace.  See Franklin v. The Monadncock Co., 59 Cal. Rptr. 3d 692, 697 (Cal. Ct. App. 2007) (finding public policy, when read alongside California Civil Procedure Code section 527.8, requiring employers to maintain safe and secure workplace).

California Labor Code section 1102.5 restrains employers from making, adopting, or enforcing any rule, regulation or policy which prevents an employee from disclosing information to a government or law enforcement agency.  Cal. Lab. Code § 1102.5. Sub-section 1102.5(b) states that an employer may not retaliate against an employee who discloses such information to a government or law enforcement agency.  Id.

California Labor Code section 1102.5 also reflects a broader public policy interest in encouraging workplace "whistleblowers," who may without fear of retaliation report

concerns regarding an employer's illegal conduct. <u>Collier v. Superior Court</u>, 279 Cal. Rptr. 453, 456 (Cal. Ct. App. 1991). In <u>Collier</u>, the plaintiff-regional manager suspected that certain defendant-company vice-presidents were breaching their fiduciary duty to the company. <u>Id.</u> at 454. After being fired for reporting his suspicions to higher management, the regional manager brought a wrongful termination in violation of public policy claim . <u>Id.</u> Defendant company demurred, arguing that per California Labor Code section 1102.5 an employee could not state a claim when the employee only alleged that he reported illegal conduct to his employer, and not a government agent. <u>Id.</u> The California Court of Appeal disagreed, finding a broader public policy anchored in California Labor Code section 1102.5. <u>Id.</u> at 456. Even though the statute only prohibited retaliating against employees for complaining to public agencies (rather than to employers), it did evince a broader public interest in encouraging all employee reports of illegal activity in the workplace. <u>Id.</u> (emphasis added). <u>Collier</u> added:

> If public policy were strictly circumscribed by [section 1102.5] to provide protection from retaliation only where employees report their reasonable suspicions directly to a public agency, a very practical interest in self preservation could deter employees from taking any action regarding reasonably founded suspicions of criminal conduct by coworkers. Under that circumstance, an employee who reports his or her suspicions to the employer would risk termination or other workplace retaliation. If this employee makes a report directly to a law enforcement agency, the employee would be protected... under [section 1102.5], but would face an obvious disruption of his or her relationship with the employer, who would be in the unfortunate position of responding to a public agency without first having had an opportunity to deal internally with the suspected problem. These discouraging options would leave the employee with only one truly safe course: do nothing at all.

<u>Id.</u> at 456. Because the public had an interest in lawful, not criminal, business operation, the <u>Collier</u> court allowed a wrongful discharge claim in violation of public policy where an employee reported to his employer—and not a public agency—his suspicions of illegal activity. <u>Collier</u>, 279 Cal. Rptr. at 457–58.

In this case, despite Defendants' technical parsing, Boone's third claim alleges a

Collier-type cause of action for wrongful termination in violation of public policy. Like Collier and Hentzel, it is of no moment that Boone did not actually disclose information to a public official per California Labor Code section 1102.5 or state the precise sections surrounding California Labor Code section 6400 *et. seq.* Rather, Boone has stated a public policy claim under Collier by alleging that she was terminated in retaliation for reporting her suspicions of illegal activity by management to her employer.[3]

Defendants' reliance on Jennings v. Marralle, 876 P.2d 1075 (Cal. 1994) and Reno v. Baird, 957 P.2d 1333 (1998) is creative, if misplaced. In first Jennings and then Reno, the California Supreme Court held that if a statutory remedy did not apply to an employee, then the employee could not "end-around" the statute by pleading a common law tort action for wrongful discharge in violation of public policy. See Jennings, 876 P.2d at 1081 (examining legislative history and finding no intent to declare public policy against all age discrimination in small employers, where the California Fair Employment and Housing Act ("FEHA") excepted small employers from ban on age discrimination); Reno, 957 P.2d at 1347–48 (holding that, where FEHA exempted supervisors from individual liability, "[i]t would be absurd" to forbid a plaintiff to sue a supervisor under FEHA, and then allow essentially the same cause of action for wrongful discharge in violation of public policy). Jennings and Reno, however, were primarily concerned with the bizarre dichotomy of allowing a public policy claim on a practice or person that had already been specifically exempted by statute. Reno, 957 P.2d at 1347–48; see also Jennings, 876 P.2d at 1083 ("It would be unreasonable to expect employers who are expressly exempted from the FEHA ban on age discrimination to nonetheless realize that they must comply with the law from which they are exempted under pain of possible tort liability.").

Where Jennings and Reno preserve FEHA's statutorily delineated exceptions

---

[3]Additionally, although the bulk of the parties' moving papers discuss Plaintiff's rights under California Labor Code section 1102.5, Plaintiff's allegations of termination in retaliation for complaining about safety support a claim under Hentzel v. Singer Co., 188 Cal. Rptr. 159 (Cal. Ct. App. 1982). (*FAC* ¶ 65.)

against the indiscriminate wash of public policy litigation, <u>Collier</u> established an independent public policy cause of action where an employer retaliates against an employee for reporting suspicions of illegal activity to the employer. Nowhere do <u>Jennings</u> or <u>Reno</u> mention or overrule <u>Collier</u>, and the legislative analysis is different: Defendants do not point to any policy or history indicating that when the California legislature drafted and enacted California Labor Code section 1102.5, it desired to preserve an employer's right to retaliate against an employee who complained to management, but not an employee who complained to government authorities. To the contrary, <u>Collier</u>'s analysis retains its common sense vitality in light of <u>Jennings</u> and <u>Reno</u>. See <u>Collier</u>, 279 Cal. Rptr. at 456. Accordingly, the Court **DENIES** Defendants' motion to dismiss Boone's third cause of action for wrongful termination in violation of public policy.[4]

### ii. *Plaintiff's Fourth (Statutory) Cause of Action for Retaliation in Violation of Labor Code sections 1102.5 and 6310 et. seq. As Against All Defendants*

As a threshold issue, Boone's Opposition to Defendants' Motion to Dismiss characterizes her fourth claim as a statutory cause of action. (*Pl.'s Opp'n to Mot. to Dismiss* 3.) Defendants reiterate their argument that California Labor Code section 1102.5 is inapplicable because Boone does not allege she complained to a government or law enforcement agency; rather, she only complained to Church staff. (*Defs.' Mot. to Dismiss* 4–5.) Defendants also argue that the California Supreme Court's recent decision in <u>Jones v. Lodge at Torrey Pines</u>, 177 P.3d 232 (Cal. 2008) precludes liability against individual supervisors, and thus individual defendants Wood, Lee, and Mesquita must be dismissed from this claim. (*Defs.' Mot. to Dismiss* 6–7.)

---

[4]The Court also notes that Defendants, for the first time, try to distinguish <u>Collier</u> in their Reply brief for their motion to strike. (See *Defs.' Reply to Opp'n to Mot. to Strike* 2–3.) As these arguments were not made in Defendants' motion to dismiss, the Court declines to consider them.

Boone, in opposition, apparently concedes that under the facts of this case California Labor Code section 1102.5 cannot provide a statutory right to relief. (*Pl.'s Opp'n to Mot. to Dismiss* 5 ("Defendants suggest that Plaintiff's... cause of action should be dismissed because she failed to report... wrongdoings to a government agency. [citation]. Indeed, this would be true if Plaintiff were raising a statutory claim under Labor Code section 1102.5.").) Boone then analyzes the Jones decision, concluding that the California Supreme Court closely limited its analysis to the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(h), and not Labor Code section 6310, the statute on which her claim depends. (*Id.* 6–7.)

As mentioned, California Labor Code section 1102.5 restrains employers from making, adopting, or enforcing any rule, regulation or policy which prevents an employee from disclosing information to a government or law enforcement agency. Cal. Lab. Code § 1102.5. Section 1102.5(b) states that an employer may not retaliate against an employee who discloses such information to a government or law enforcement agency. Id. Because Boone does not allege that she ever complained to a government agent, section 1102.5 cannot form the basis of a statutory retaliation claim in this case.[5]

As for Defendants' Jones argument, the Court finds that Jones does not operate to negate California Labor Code section 6310's plain language stating that "no *person*" shall retaliate against an employee who complained to his or her employer. See Cal. Lab. Code § 6310(a) (emphasis added). The retaliation statute in Jones, California Government Code section 12940(h), was enacted under FEHA. Jones, 177 P.3d at 234. The statute as written prohibited "any employer, labor organization, employment agency, or *person*" from retaliating against any person because the person filed a complaint under FEHA. Cal. Gov. Code § 12940(h) (emphasis added). Despite the use of "person," the California Supreme Court held that a non-employer individual could not be held personally liable for retaliation under California Government Code

---

[5]Because Boone's Opposition characterizes her third claim as one premised on public policy and her fourth claim as statutory, Boone cannot use Collier's public policy arguments in order to survive a motion to dismiss her fourth cause of action.

section 12940(h). Jones, 177 P.3d at 234.

The Jones court considered several issues in reaching its conclusion, including: (1) the plain meaning of California Government Code section 12940 was not clear, especially considering the FEHA statutory analysis in Reno, 957 P.2d at 1333 (holding that, under a comparable FEHA statute, a supervisor could not be personally liable for discrimination), Jones, 957 P.3d at 235–36; (2) Reno's policy justifications for not holding individuals personally liable for discrimination applied equally to retaliation claims, Jones, 957 P.3d at 236–39; and (3) the absence of legislative history behind the FEHA amendment modifying California Government Code section 12940 that purportedly extended retaliation liability to any "person," Jones 177 P.3d at 240–41. Two strong dissents in Jones scolded the majority for improperly comparing the case to Reno, straying from California Government Code section 12940(h)'s plain meaning, and usurping the California legislature's policy-making role. See Jones, 177 P.3d at 243–44 (Werdegar, J., dissenting); Id. at 244–57 (Moreno, J., dissenting).

Although one can imagine circumstances where Jones' policy arguments might apply equally to California Labor Code section 6310, at this time the Court is not prepared to interpret Jones as precluding all individual liability for all retaliation-type claims, wherever they might be found in the California Codes.[6] Much of Jones' holding was derived from FEHA-specific case law, statutory analysis, and legislative history; nowhere is California Labor Code section 6310 even mentioned (much less the Labor Code, generally). Defendants have not provided any evidence that suggests the Jones court intended its ruling to apply so indiscriminately, and given the decision's newness and reasonable dissenting opinions the Court does not think the California Supreme

---

[6]Given the recency of Jones, 177 P.3d at 232, the Court reserves the right to reexamine this issue at the summary judgment stage of trial, should in the interim the California courts interpret other California codes in light of Jones. The Court admits that the policy and analysis set forth by Jones, Reno, 957 P.2d at 1333, and Janken v. GM Hughes Electronics, 53 Cal. Rptr. 2d 741 (Cal. Ct. App. 1996) (analyzing FEHA distinctions and interpreting federal statutory counterparts) is persuasive. At this stage of litigation, however, Defendants have not adequately argued that Jones should be applied equally to California Labor Code section 6310, given FEHA's peculiar statutory language and legislative history.

1 Court would ignore the plain language of California Labor Code section 6310(a).  See
2 Westlands Water Dist. v. Amoco Chem. Co., 953 F.2d 1109, 1111 (9th Cir. 1992)
3 (holding that where the state's highest court has not decided an issue, the federal court's
4 task is to predict how the state high court would resolve it).

5       Finally, although Defendants argue that California Labor Code section 6310(b)
6 provides remedies against the "employer" only, the Court observes that a recent
7 California appellate court decision authorized damages against an individual defendant.
8 See Lujan v. Minagar, 21 Cal. Rptr. 3d 861 (Cal. Ct. App. 2004) (remanding to trial
9 court for determination of damages against individual defendant); see also Westlands
10 Water Dist., 953 F.2d at 1111 (holding that the decisions of a state's intermediate
11 appellate courts provide guidance that a federal court must consider).

12       For the above reasons, the Court determines that Jones does not foreclose
13 individual liability under California Labor Code section 6310.  For the reasons above,
14 however, Boone's Fourth Cause of Action must be dismissed to the extent that it relies
15 on California Labor Code section 1102.5.  Accordingly, the Court **GRANTS**
16 Defendants' motion to dismiss Plaintiff's Fourth Cause of Action and **DISMISSES**
17 **WITHOUT PREJUDICE** Plaintiff's fourth claim.

18

19          *iii.*    *Plaintiff's Fifth Cause of Action For Retaliation in Violation of*
20               *Labor Code sections 6400 et. seq. As Against All Defendants*

21       Defendants argue that Boone's fifth claim for retaliation in violation of California
22 Labor Code sections 6400 *et. seq.* duplicates her third cause of action and, regardless,
23 cites the wrong statute for relief.  (*Defs.' Mot. to Dismiss* 7–8.)  Defendants also argue
24 that, even if the claim stands, individual defendants Lee, Wood, and Mesquita cannot
25 be held liable because California Labor Code section 6400 only imposes duties on
26 employers, and not individual supervisors.  (*Defs.' Mot. to Dismiss* 7–8.)

27       Boone apparently concedes Defendants' arguments.  In opposition, Boone limits
28 her discussion of California Labor Code section 6400 to public policy implications and

how the statute undergirds her third claim for wrongful termination in violation of public policy. (*Pl.'s Opp'n to Defs.' Mot. to Dismiss* 4.) Boone does not discuss California Labor Code section 6400 in regards to her fifth claim.

California Labor Code section 6400 simply requires that "[e]very employer shall furnish employment and a place of employment that is safe and healthful for employees therein." The statute then clarifies who may be cited for hazard violations on multi-employer worksites. Cal. Lab. Code § 6400(b). California Labor Code section 6310, on the other hand, prohibits any person from discharging or discriminating against an employee for filing a complaint with his employer.

At this point, it is unclear what theory Boone pursues for her fifth cause of action. Her third and fifth claims are premised on similar allegations: the Church fired Boone for filing internal complaints regarding (a) her safety at work, and (b) Bosler's mistreatment of her. (Compare *FAC* ¶ 65 with *FAC* ¶¶ 78, 79.) But where Boone's third claim contains public policy allegations, (*FAC* ¶ 63), her fifth claim appears to be statutory. If so, Boone has not shown that California Labor Code section 6400 provides a statutory right to relief; if anything, section 6310 appears to be the proper statute. But if Boone indeed seeks statutory relief under section 6310, it is unclear how her fifth claim adds anything not already covered by her fourth claim. For all these reasons, and because Boone has not chosen to clarify her claim in her Opposition brief, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Boone's fifth claim for retaliation in violation of Labor Code sections 6400 *et. seq.* as against all defendants.

///
///
///
///

> ***iv.    Plaintiff Does Not Oppose Defendants' Arguments in Support of the Motion To Dismiss Plaintiff's Sixth, Seventh, and Eighth***

*Causes of Action*

Defendants argue that Boone's sixth claim for retaliation in violation of 42 U.S.C. § 2000e-3(a) against all defendants cannot survive because the statute only prohibits discrimination for making charges, testifying, or participating in Title VII enforcement proceedings. (*Defs.' Mot. to Dismiss* 10.) Defendants contend that because Boone only alleges that she complained to her supervisors about workplace safety, and never participated in a race or gender discrimination hearing, the statute is inapplicable to her case. (*Id.*) Boone does not oppose Defendants' arguments, and it appears that 42 U.S.C. § 2000e-3(a) has no bearing on the particulars of Plaintiff's FAC. Accordingly, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Boone's sixth cause of action for retaliation in violation of 42 U.S.C. § 2000e-3(a) as against all Defendants.

Defendants also argue that Boone's seventh cause of action for age discrimination in violation of California Government Code section 12940 *et. seq.*, the Age Discrimination in Employment Act ("ADEA"), and 29 U.S.C. § 621, and eighth cause of action for gender discrimination in violation of the California Constitution, Title VII, 42 U.S.C. § 2000e *et. seq.* and California Government Code section 12940 *et. seq.* as against all defendants should be dismissed because neither claim, as plead, allows for liability against individual defendants. (*Defs.' Mot. to Dismiss* 9–10.) Boone does not oppose Defendants' arguments. Accordingly, the Court **GRANTS** Defendants' motion and **DISMISSES WITHOUT PREJUDICE** Boone's seventh and eighth claims for age and gender discrimination, respectively.

///
///
///
///

    **B.**    <u>Defendants' Motion to Strike Under Rule 12(f)</u>

          **i.**    *Plaintiff Fails To Oppose Defendants' Motion to Strike All FEHA*

*Allegations Under the First, Second, Seventh and Eighth Causes of Action*

As a threshold matter, Boone fails to oppose Defendants' arguments in support of striking all allegations regarding FEHA violations, specifically those allegations under the First, Second, Seventh and Eighth causes of cation. (*Defs.' Mot. to Strike* 4–8.) Because the Court agrees that the Church is not an "employer" under FEHA, the Court **GRANTS** Defendants' motion to strike and **STRIKES** all references to FEHA in support of the aforementioned claims.[7]

### ii. *Plaintiff's Allegations Relating to the Alleged Reporting of Financial Misdeeds Are Relevant to Her Third Cause of Action*

Defendants argue that Boone's allegations regarding Lee and Mesquita's potentially improper financial activities should be stricken because they are unrelated to her claims, which focus on workplace safety and age and gender discrimination. (*Defs.' Mot. to Strike* 9–10.) Defendants contend that allowing these allegations to remain invites overly broad discovery into the Church's finances. (*Id.*) Boone, in response, argues that the allegations regarding financial impropriety support her third and fourth claims for wrongful termination in violation of public policy and retaliation. (*Pl.'s Opp'n to Mot. to Strike* 3–4.)

Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Allegations supplying background material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant. Fuch's Sugar & Syrups, Inc. v. Amstar Corp., 402 F. Supp. 636, 637–38 (S.D.N.Y. 1975).

In this case, it is clear that Boone's allegations regarding Lee's and Mesquita's

---

[7] Of course, Defendants' arguments to strike the FEHA allegations in Boone's seventh and eighth causes are technically moot, considering the Court has previously dismissed those claims.

misdeeds are relevant to her third cause of action for wrongful termination in violation of public policy. To the extent the claim relies on Collier, 279 Cal. Rptr. at 453, Boone's allegations describe the potential wrongdoing which, when reported, allegedly led to her retaliatory termination. See Collier, 270 Cal. Rptr. at 456–58 (finding public interest in a lawful, not criminal, business operation). Simply, if Boone can produce sufficient evidence that Lee and Mesquita were doing something improper, and the Church fired Boone for complaining about it, this could possibly prove Boone's third cause of action for wrongful termination in violation of public policy. Accordingly, because the Court finds Boone's allegations regarding the alleged reporting of financial misdeeds relevant to the third cause of action, the Court **DENIES** Defendants' motion to strike paragraphs twenty-five through thirty-two of the FAC.[8]

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' motion to dismiss and motion to strike. Should Plaintiff choose to file an amended complaint correcting the deficiencies noted above, the Court suggests that she take the time to draft allegations that clearly set forth her claims, the **exact legal basis** supporting each claim, and who each claim is against. Defendants, too, are urged to clearly establish and support all arguments in their moving papers and are to avoid using Reply briefs to advance new legal theories.

In conclusion:

1. Because Plaintiff's third claim adequately alleges a cause of action for wrongful termination in violation of public policy, the Court **DENIES** Defendants' motion to dismiss Plaintiff's third cause of action.

2. Because Plaintiff's fourth claim relies, at least in part, on California Labor

---

[8] In other places, Defendants move the Court to strike Boone's request for attorney's fees in connection with her common law defamation and intentional infliction of emotional distress ("IIED") claims. (*Defs.' Mot. to Strike* 2, 10.) As Defendants have not bothered to support their request with any legal authority, the Court **DENIES** Defendants' motion to strike Boone's request for attorney's fees in connection with the defamation and IIED claims.

        Code section 1102.5, which does not provide direct statutory relief in this case, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's fourth cause of action.

3. Because it is unclear on what legal theory Plaintiff bases her fifth claim, and because Plaintiff does not oppose Defendants' motion, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's fifth cause of action.

4. Because Plaintiff does not oppose Defendants' motion to dismiss her sixth, seventh, and eighth claims, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's sixth, seventh, and eighth causes of action.

5. Because Plaintiff does not oppose Defendants' motion to strike all FEHA-related allegations in her complaint, the Court **GRANTS** Defendants' motion to strike and **STRIKES** all FEHA-related allegations in support of Plaintiff's first, second, seventh and eighth causes of action.

6. Because the allegations regarding the possible financial impropriety of Defendant Lee and Defendant Mesquita are potentially relevant to Plaintiff's third claim for wrongful termination in violation of public policy, the Court **DENIES** Defendants' motion to strike paragraphs twenty-five through thirty-two of the FAC.

///
///
///
///
///
///

7. Because Defendants have not provided any legal analysis in support of their motion to strike the references to attorneys' fees in connection with

the defamation and IIED claims, the Court **DENIES** Defendants' motion to strike those allegations.

**IT IS SO ORDERED.**

DATED: June 6, 2008

_____
Hon. Thomas J. Whelan
United States District Judge