**STUTZ ARTIANO SHINOFF & HOLTZ**
*A Professional Corporation*
Daniel R. Shinoff, Esq. (State Bar No. 99129)
Gil Abed, Esq. (State Bar No. 195771)
Ryan L. Church, Esq. (State Bar No. 249484)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Tel: (619) 232-3122
Fax: (619) 232-3264

Attorneys for Plaintiff SONDRA BOONE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA BOONE,<br><br>Plaintiff,<br><br>v.<br><br>CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE, FRANCISCO MESQUITA and DOES 1-20,<br><br>Defendants. | Case No.  08 CV 0634 W AJB<br><br>DEPT:  7<br>DIST. JUDGE:  Thomas J. Whelan<br>MAG. JUDGE:  Anthony J. Battalia<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES FOR: WRONGFUL TERMINATION; RETALIATION; AGE DISCRIMINATION AND HARASSMENT; GENDER DISCRIMINATION AND HARASSMENT; DEFAMATION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>COMPLAINT FILED: 10/29/07<br>TRIAL DATE:  Not Set |

Plaintiff, SONDRA BOONE, hereinafter complains and alleges as follows:

## I.
## PARTIES

1.      At all times herein mentioned, Plaintiff, SONDRA BOONE ("Plaintiff" or "Sandy Boone") was and is a resident of the County of San Diego, State of California.

2.      Plaintiff is informed and believes, and thereon alleges, that Defendant Carlsbad Community Church ("Church") was and is an entity operating in the County of San Diego at

1

Plaintiff's 2nd A/C for Damages for Wrongful Termination; Retaliation; Age Discrimination and Harassment; Gender Discrimination and Harassment; Defamation; Intentional Infliction of Emotional Distress

@PFDesktop\::ODMA/WORLDOX/G:/DATA/3138/1/PL/S7041098.WPD

3175 Harding Street, Carlsbad, California 92008.

3. Plaintiff is informed and believes, and thereon alleges, that Defendants Tom Wood, Dick Lee, and Francisco Mesquita were, at all times, agents, managers, co-conspirators, aiders, abettors, fiduciaries, representatives or employees of the Church and in doing the things alleged, were acting in concert with, under the direction of, and within the course and scope of the agency, conspiracy, or employment relationship.

4. Plaintiff is informed and believes that said individuals, Tom Wood, Dick Lee, and Francisco Mesquita were acting in their official and individual capacity at all times mentioned herein.

5. Plaintiff sues DOES 1-20, inclusive, under fictitious names. Their true names and capacities are unknown to the Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the harm suffered the Plaintiff.

6. Each of the defendants DOES 1-20 were the agents, co-conspirators, aiders, abettors, fiduciaries, representatives or employees of the Church and in doing the things alleged, were acting in concert with, under the direction of, and within the course and scope of the agency, conspiracy, or employment relationship.

## II.

## JURISDICTION

7. This Court has original jurisdiction of this action under 28 U.S.C. section 1331 (Federal Question). This Court has supplemental jurisdiction over the state law claims in this matter pursuant to 28 U.S.C. section 1367(a).

## III.

## VENUE

8. Venue is proper in this district pursuant to 28 USC § 1391(b), in that events or omissions giving rise to the claims occurred in this judicial district. The injuries and damages

2

1  sustained by Plaintiff, as more fully set forth herein, occurred in the County of San Diego, State
2  of California. The conduct of the Defendants, and each of them, occurred and directly impacted
3  the Plaintiff within the County of San Diego, State of California.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6  9.   On or about August 14, 2007, Plaintiff filed a Complaint against Defendants alleging harassment, retaliation, and discrimination with the Department of Fair Employment and Housing ("DFEH"). Plaintiff received a Right-to-Sue letter from DFEH dated August 23, 2007. A true and correct copy of the FEHA Right-to-Sue letter is attached herewith as Ex. "A." Plaintiff also filed a Complaint against Defendants alleging harassment, retaliation, and discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Right-to-Sue letter from EEOC dated December 27, 2007. A true and correct copy of the EEOC Right-to-Sue letter is attached herewith as Exhibit "B."

## V.

## GENERAL ALLEGATIONS

10.  Plaintiff, who is now 61 years of age, began her employment with the Church in September of 1987.

11.  Plaintiff was initially hired by the Church as a Data Base Specialist and later was promoted to the Administrative Assistant to the Senior Pastor.

12.  Throughout her employment with the Church, Plaintiff has only served in the Administrative capacity and has never held any position that was germane to the religious functioning of the Church.

13.  Plaintiff hereby alleges that on many occasions during the course of her employment, a supervisor, Douglas Bosler, subjected Plaintiff and other female Church employees to abusive and threatening verbal and physical behavior.

14.  Plaintiff alleges that during her employment at the Church, she was consistently subjected to discriminatory treatment based on her age. Those who subjected Plaintiff to the

3

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

discriminatory treatment were Church employees and/or agents, including but not limited Defendants Tom Wood, Dick Lee, Francisco Mesquita, and DOES 1-20.

15. Plaintiff alleges that during her employment at the Church, she was consistently subjected to discriminatory treatment based on her sex. Those who subjected Plaintiff to the discriminatory treatment were Church employees and/or agents, including but not limited Defendants Tom Wood, Dick Lee, Francisco Mesquita, and DOES 1-20.

16. At or around September 1, 2006, Plaintiff and four other female Church employees were left alone in the Church office for the day.

17. Plaintiff and the other female Church employees felt unsafe working in the office because indigent visitors often came to the office seeking assistance.

18. On or about September 4, 2006, Plaintiff and four other female Church employees submitted a written complaint to Senior Pastor Charles Youngkin and to the Board of Elders regarding their health and safety concerns.

19. Plaintiff and the other female employees requested that their employer or any supervisor on behalf of their employer not subject them to any of the conditions that they were complaining of, or any retaliation due to their filing of a complaint.

20. On or about September 8, 2006, Supervisor Bosler entered Plaintiff's office and verbally threatened, physically intimidated, and harassed the Plaintiff regarding her filing of the September 4, 2006 complaint.

21. As a result of the September 8, 2006 confrontation with Supervisor Bosler, Plaintiff's fear of her safety at her workplace had increased.

22. On or about September 8, 2006, Plaintiff filed one of a series of complaints with the Church regarding Supervisor Bosler's verbal threats, physical intimidation, harassment, and retaliation.

23. The Church took no immediate actions to remedy any concerns raised by the Plaintiff, and Plaintiff remained in fear of her safety.

///

4

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

@PFDesktop\:ODMA/WORLDOX/G:/DATA/3138/1/PL/S7041098.WPD

24. On or about January of 2007, Francisco Mesquita was hired as the Church's Pastor of Administration.

25. In the course and scope of Plaintiff's employment at the Church, Plaintiff had rightful access to a Church database ("Database") that details the Church finances.

26. During the course of her employment, Plaintiff became aware of potential improper financial activity by Francisco Mesquita and Church Treasure Dick Lee as they relate to Church funds. The financial improprieties included, but were not limited to, Mesquita and Lee's unauthorized and excessive use of Church funds.

27. On or about March 19, 2007, a Church Administration Ministry Team Member requested an investigation into possible financial improprieties within the Church.

28. In or around March and April of 2007, Plaintiff openly supported the Church Administration Ministry Team Member's request to initiate an investigation into potential misuse of Church funds. Plaintiff was aware of possible improper financial activity by Francisco Mesquita and Church Treasure Dick Lee and wished to discuss this with investigators.

29. In or around April of 2007, Plaintiff had a meeting with her supervisor, Charlie Younkin, regarding the investigation. Plaintiff expressed support of the investigation, and expressed her desire to discuss the possible improper financial accounting with the investigators. Younkin became irate over her support and desire to share information with investigators. During the course of the meeting, Mr. Younkin stated that an investigation would only occur "over my dead body."

30. Plaintiff was intimidated and fearful of her safety following the meeting she had with Charlie Younkin on or around April of 2007.

31. On or about April 22, 2007, an official investigation into financial improprieties as they relate to Church funds and personnel issues commenced.

32. As part of the investigation, the investigative team made it clear that they intended to interview all administrative staff members, including the Plaintiff.

///

Plaintiff's 2nd A/C for Damages for Wrongful Termination; Retaliation; Age Discrimination and Harassment; Gender Discrimination and Harassment; Defamation; Intentional Infliction of Emotional Distress

33.  The investigative team assured all employees that they would not suffer any form of retaliation or harassment after speaking with the investigators.

34.  On or about April 23, 2007, prior to the Church Administration Ministry's interview with Plaintiff, Francisco Mesquita and Tom Wood terminated the Plaintiff.

35.  Plaintiff is informed and believes that on or about April 25, 2007, Francisco Mesquita falsely informed Church employees that she (Plaintiff) broke into the Church after being terminated and destroyed her former work computer.

36.  Plaintiff is informed and believes that after April 25, 2007, Francisco Mesquita continued to tell employees that Plaintiff illegally entered the Church and destroyed her computer following her April 23, 2007 termination.

37.  Plaintiff is informed and believes that on or about August 26, 2007, an email was sent from Dick Lee to Paula Padilla, a member of the community, stating that Sandy Boone (Plaintiff) was terminated because she "Had done things that were evil and absolutely despicable."

38.  Plaintiff is informed and believes that on or about September 1, 2007, Tom Wood called Carol Nave, a member of the community, and stated that Sandy Boone was fired because she did "grievous acts."

39.  Plaintiff is informed and believes that on or about September 3, 2007, Tom Wood stated to Clyde Cobb, a member of the community, that Plaintiff was terminated because she had done "Evil things."

40.  Plaintiff is informed and believes that Defendants continue to make slanderous and defamatory statements against her to third parties.

///
///
///
///
///

6

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

@PFDesktop\:ODMA/WORLDOX/G:/DATA/3138/1/PL/S7041098.WPD

## VI.

## FIRST CAUSE OF ACTION

**Wrongful Termination of Employment Based on Gender, in Violation of Public Policy, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.**

**[As Against Defendant Church and Does 1-20 Inclusive]**

41. Plaintiff realleges and incorporate herein by reference the allegations of paragraphs 1 through 40, inclusive.

42. At all times herein mentioned, Plaintiff was an employee of the Defendant Carlsbad Community Church.

43. The Constitution of the State of California, Article 1, section 8; Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000e-2(a)(1) prohibit, among other things, discharging, harassing, retaliating, defaming or discriminating against an employee based on her sex. These provisions set forth a fundamental public policy.

44. At all times herein mentioned, the aforementioned provisions were in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding on the Defendants at the time of Plaintiff's termination.

45. Plaintiff is a member of the class entitled to protection under the aforementioned code sections.

46. Plaintiff is informed and believes that she was terminated due to her gender–female.

47. Plaintiff is informed and believes that she was terminated as an act of retaliation for her demand to work in a workplace free and clear of discrimination and harassment based on gender in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000e-2(a)(1), or free and clear of intimidation for her request to provide a safe and healthy workplace.

48. As a direct and proximate result of the violation of the aforementioned laws, Plaintiff sustained and continues to suffer: (1) loss of past and future income and other valuable

7

Plaintiff's 2nd A/C for Damages for Wrongful Termination; Retaliation; Age Discrimination and Harassment; Gender Discrimination and Harassment; Defamation; Intentional Infliction of Emotional Distress

employee benefits; (2) loss of employment-related opportunities for growth; (3) damage to her professional reputation; and (4) emotional distress, anxiety and injury to her psyche, all to her damage according to proof at trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and 3288, 42 U.S.C. 1981a, and/or any other provision of law providing for prejudgment interest.

49. Defendants committed said wrongful termination against Plaintiff maliciously, fraudulently and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages pursuant to California Civil Code section 3294 , 42 U.S.C. 1981, and/or any other provision of law according to proof at the time of trial.

50. Plaintiff seeks an award of attorneys fees on this cause of action pursuant to 42 U.S.C. § 2000e-5(k), and Code of Civil Procedure section 1021.5.

## VII.

## SECOND CAUSE OF ACTION

**Wrongful Termination of Employment Based on Age, in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.**

**[As Against Defendant Church and Does 1-20 Inclusive]**

51. Plaintiff realleges and incorporate herein by reference the allegations of paragraphs 1 through 50, inclusive.

52. At all times herein mentioned, Plaintiff was an employee of the Defendant Carlsbad Community Church.

53. 29 U.S.C. § 621 et seq., including 29 U.S.C. § 623(a)(1) prohibit, among other things, discharging, harassing, retaliating, defaming or discriminating against an employee based on her age.

54. At all times herein mentioned, the aforementioned provisions were in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding on the Defendants at the time of

8

1  Plaintiff's termination.

2  55. Plaintiff is a member of the class entitled to protection under the aforementioned codes.

56. Plaintiff is informed and believes that she was terminated due to her age–61.

57. Plaintiff is informed and believes that she was terminated as an act of retaliation for her demand to work in a workplace free and clear of discrimination and harassment based on age in violation of 29 U.S.C. § 621 et seq., or free and clear of intimidation for her request to provide a safe and healthy workplace.

58. As a direct and proximate result of the violation of the aforementioned laws, Plaintiff sustained and continues to suffer: (1) loss of past and future income and other valuable employee benefits; (2) loss of employment-related opportunities for growth; (3) damage to her professional reputation; and (4) emotional distress, anxiety and injury to her psyche, all to her damage according to proof at trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and 3288, 29 U.S.C. section 621 et seq. and/or any other provision of law providing for prejudgment interest.

59. Defendants committed said wrongful termination against Plaintiff maliciously, fraudulently and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages pursuant to California Civil Code section 3294, 29 U.S.C. 621 et seq., and/or any other provision of law according to proof at the time of trial.

60. Plaintiff seeks an award of attorneys fees on this cause of action pursuant to 29 U.S.C. § 621 et seq. and Code of Civil Procedure section 1021.5.

## VIII.
## THIRD CAUSE OF ACTION
### Wrongful Termination of Employment in Violation of Public Policy
### [As Against Defendant Church and Does 1-20 Inclusive]

61. Plaintiff realleges and incorporate herein by reference the allegations of paragraphs

9

Plaintiff's 2nd A/C for Damages for Wrongful Termination; Retaliation; Age Discrimination and Harassment; Gender Discrimination and Harassment; Defamation; Intentional Infliction of Emotional Distress

@PFDesktop\ ODMA/WORLDOX/G:/DATA/3138/1/PL/S7041098.WPD

1 through 60, inclusive.

62. At all times herein mentioned, Plaintiff was an employee of the Defendant Carlsbad Community Church.

63. Labor Code sections 1102.5, 6310, and 6400 et seq. prohibit, among other things, discharging, harassing, retaliating, defaming or discriminating against an employee based the employee's complaints of unsafe working conditions and disclosing actions which are prohibited under the law.

64. At all times herein mentioned, the aforementioned provisions were in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding on the Defendants at the time of Plaintiff's termination.

65. Plaintiff is a member of the class entitled to protection under the aforementioned code sections.

66. Plaintiff's termination on April 23, 2007, was in retaliation for (1) her filing of a series of the September 4, 2006, internal complaint regarding the safety of her and other female employees; (2) her filing of a series of complaints starting on September 8, 2006, regarding Supervisor Bosler's harassment, retaliation, and improper treatment towards her; and (3) her expressed support of an internal financial audit of the Church in connection with accusations of financial improprieties.

67. As a direct and proximate result of the violation of the aforementioned laws, Plaintiff sustained and continues to suffer: (1) loss of past and future income and other valuable employee benefits; (2) loss of employment-related opportunities for growth; (3) damage to her professional reputation; and (4) emotional distress, anxiety and injury to her psyche, all to her damage according to proof at trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and 3288, and/or any other provision of law providing for prejudgment interest.

68. Defendants committed said wrongful termination against Plaintiff maliciously,

10

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

@PFDesktop\ ODMA/WORLDOX/G:/DATA/3138/1/PL/S7041098.WPD

fraudulently and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages pursuant to California Civil Code section 3294 from all defendants according to proof at the time of trial.

69. Plaintiff seeks an award of attorneys fees on this cause of action pursuant to Code of Civil Procedure section 1021.5.

## IX.

## FOURTH CAUSE OF ACTION

### Retaliation in violation of Labor Code section 6310 et seq.

### [As Against All Defendants]

70. Plaintiff realleges and incorporate herein by reference the allegations of paragraphs 1 through 69, inclusive.

71. Labor Code section 6310 prohibit, among other things, discharging, harassing, retaliating, defaming or discriminating against an employee based the employee's complaints of unsafe working conditions and disclosing actions which are prohibited under the law.

72. At all times herein mentioned, the aforementioned provision was in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding on the Defendants at the time of Plaintiff's termination.

73. Plaintiff is a member of the class entitled to protection under the aforementioned code section.

74. Plaintiff's termination on April 23, 2007, was in retaliation for (1) her filing of a series of the September 4, 2006, internal complaint regarding the safety of her and other female employees; (2) her filing of a series of complaints starting on September 8, 2006, regarding Supervisor Bosler's harassment, retaliation, and improper treatment towards her; and (3) her expressed support of an internal financial audit of the Church in connection with accusations of financial improprieties.

11

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

@PFDesktop\::ODMA/WORLDOX/G:/DATA/3138/1/PL/S7041098.WPD

75. As a result of Defendants' retaliation in terminating Plaintiff's employment, Plaintiff has suffered and continues to suffer substantial loss and damage, including lost salary, bonuses, lost retirement benefits, medical expenses and related harm, in an amount within the jurisdictional limits of this court which will be proven according to proof at the time of trial.

76. Defendants' conduct has caused Plaintiff embarrassment, humiliation, anger, mental anguish and emotional upset in an amount within the jurisdictional limits of this court, which will be proven according to proof at the time of trial.

77. Defendants committed said retaliation against Plaintiff maliciously, fraudulently and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. Defendants engaged in retaliation against Plaintiff while acting in their official capacity as managers, agents, directors, and supervisors of the Church. Plaintiff is thereby entitled to punitive damages pursuant to California Civil Code section 3294 from all defendants according to proof at the time of trial.

78. Plaintiff seeks an award of attorneys fees on this cause of action pursuant to Code of Civil Procedure section 1021.5 and/or any other section providing such an award.

## X.

## FIFTH CAUSE OF ACTION

### Age Discrimination and Harassment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

**[As Against Defendant Church and Does 1-20 Inclusive]**

79. Plaintiff refers to, re-alleges, and incorporates herein by this reference all allegations set forth in paragraphs 1 through 78, inclusive.

80. The Age Discrimination in Employment Act, and 29 U.S.C. § 621 et seq. prohibits, among other things, the discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

81. At all times mentioned in this complaint, the Age Discrimination in Employment

12

Plaintiff's 2nd A/C for Damages for Wrongful Termination; Retaliation; Age Discrimination and Harassment; Gender Discrimination and Harassment; Defamation; Intentional Infliction of Emotional Distress

Act, and 29 U.S.C. § 621 et seq. was in full force and effect, and was binding on Defendants. This section requires Defendants, *inter alia*, to refrain from discriminating and harassing Plaintiff on the basis of age. These provisions set forth a fundamental public policy.

82. Plaintiff is a member of the class entitled to protection under the Age Discrimination in Employment Act, and 29 U.S.C. § 621 et seq.

83. Plaintiff was terminated from the Church and otherwise unfairly and unjustly treated, discriminated against, and discharged on the on the basis of her age, 61, by Defendants and their agents, as described above.

84. Defendant engaged in outrageous acts and abuses against Plaintiff intentionally, willfully and wantonly for the purpose of depriving Plaintiff of her rights and to cause her to suffer humiliation, mental anguish, emotional and mental distress, highly unpleasant mental reaction, including anxiety, grief, shame, embarrassment, anger, chagrin, disappointment and worry.

85. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, the exact amount of which have not yet been fully ascertained but are within the jurisdictional limits of this Court. Plaintiff is entitled to damages, general and special, in an amount which will be shown at the time of trial.

86. Defendants committed said discrimination and harassment against Plaintiff maliciously, fraudulently and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages pursuant to California Civil Code section 3294 and 29 U.S.C. section 21 et seq. and/or any other provision of law providing such an award according to proof at the time of trial.

87. Plaintiff seeks an award of attorneys fees on this cause of action pursuant to 29 U.S.C. § 621 et seq., Code of Civil Procedure section 1021.5, and/or any other provision of law providing such fees.

13

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

XI.

## SIXTH CAUSE OF ACTION

**Gender Discrimination and Harassment in violation of The California Constitution, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.**

**[As Against Defendant Church and Does 1-20 Inclusive]**

88. Plaintiff realleges and incorporate herein by reference the allegations of paragraphs 1 through 87, inclusive.

89. The Constitution of the State of California, Article 1, section 8, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., prohibit, among other things, harassing, retaliating, defaming or discriminating against an employee based on her age, sex, or complaints of unsafe working conditions.

90. At all times mentioned in this complaint, Constitution of the State of California, Article 1, section 8, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., were in full force and effect, and were binding on Defendants. These all requires Defendants, *inter alia*, to refrain from discriminating and harassing Plaintiff on the basis of sex.

91. Plaintiff is a member of the class entitled to protection under the aforementioned section of the California Constitution, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.

92. Plaintiff was terminated from the Church and otherwise unfairly and unjustly treated, discriminated against, and discharged on the basis of her sex, female, by Defendants and their agents, as described above.

93. Defendant engaged in outrageous acts and abuses against Plaintiff intentionally, willfully and wantonly for the purpose of depriving Plaintiff of her rights and to cause her to suffer humiliation, mental anguish, emotional and mental distress, highly unpleasant mental reaction, including anxiety, grief, shame, embarrassment, anger, chagrin, disappointment and worry.

94. As a result of Defendant's conduct, Plaintiff has suffered and will continue to

14

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

suffer damages, the exact amount of which have not yet been fully ascertained but are within the jurisdictional limits of this Court. Plaintiff is entitled to damages, general and special, in an amount which will be shown at the time of trial.

95.   Defendants committed said discrimination and harassment against Plaintiff maliciously, fraudulently and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages pursuant to California Civil Code section 3294, 42 U.S.C. 1981a, and/or any other provision of law providing such an award according to proof at the time of trial.

96.   Plaintiff seeks an award of attorneys fees on this cause of action pursuant to 42 U.S.C. § 2000e-5(k), and Code of Civil Procedure section 1021.5.

## XII.

### SEVENTH CAUSE OF ACTION

### Defamation

### [As Against All Defendants]

97.   Plaintiff refers to, re-alleges, and incorporates herein by this reference all allegations set forth in paragraphs 1 through 96, inclusive, as though set forth in full.

98.   Beginning on our about April 25, 2007, and continuing to the date of this complaint, Defendants Francisco Mesquita, Dick Lee, and Tom Wood began making defamatory and slanderous statements about the Plaintiff.

99.   Defendants Francisco Mesquita, Dick Lee, and Tom Wood made disparaging statements about Plaintiff publicly, through written email, and through use of other channels of communication to third parties. These statements were false, entirely improper and opportunistic, and were disseminated throughout the Plaintiff's community. Plaintiff's career and professional reputation were severely damaged as a result of these statements. Numerous statements were made by Defendants, including but not limited to:

(1)   On or about April 25, 2007, Defendant Francisco Mesquita falsely informed

15

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

Church employees that Sandy Boone (Plaintiff) broke into the Church after being terminated and destroyed her computer. After April 25, 2007, Mesquita continued to tell employees that Plaintiff illegally entered the Church and destroyed her computer.

(2)     On or about August 26, 2007, an email was sent from Defendant Dick Lee to Paula Padilla, a member of the community, stating that Sandy Boone (Plaintiff) was terminated because she "Had done things that were evil and absolutely despicable."

(3)     On or about September 1, 2007, Defendant Tom Wood called Carol Nave, a member of the community, and stated that Sandy Boone was fired because she committed "grievous acts."

(4)     On or about September 3, 2007, Defendant Tom Wood stated to Clyde Cobb, a member of the community, that Plaintiff was terminated because she had done "Evil things."

(5)     On September 6, 2007, an email was sent from Defendant Dick Lee to Laura Breen, a member of the community, stating that the Plaintiff is "a sinner," and "her sins got her into trouble."

100.    The foregoing publications were false, outrageous, negligent, reckless, intentional, and maliciously published by Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were published by Defendants while acting in their official capacity as managers, directors, or supervisors of the Church. Plaintiff hereby seeks damages for these Defendant publications and all foreseeable re-publications discovered up to the time of trial.

101.    The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These and similar statements published by Defendants, and each of them, expressly and impliedly asserted that Plaintiff engaged in, among other things, criminal behavior, committed grievous acts, did evil things, and acted despicably.

102.    The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third

16

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

person recipients and other members of the community who are known to Defendants.

103. None of Defendants' defamatory publications against Plaintiff referenced above are true. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

104. Each of these false defamatory *per se* publications were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege, which Plaintiff denies existed, since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation.

105. As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to her personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

106. Defendants engaged in said defamation against Plaintiff maliciously, fraudulently and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. Defendants committed said defamation against Plaintiff while acting in their official capacity as managers, agents, directors, and supervisors of the Church. Plaintiff is thereby entitled to punitive damages pursuant to California Civil Code section 3294 from all defendants according to proof at the time of trial.

107. In addition to the aforementioned damages, Plaintiff seeks an award of attorney's

17

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

@PFDesktop\..ODMA/WORLDOX/G /DATA/3138/1/PL/S7041098.WPD

fees on this cause of action pursuant to Code of Civil Procedure section 1021.5.

## XIII.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### [As Against All Defendants]

108. Plaintiff refers to, re-alleges, and incorporates herein by this reference all allegations set forth in paragraphs 1 through 107, inclusive.

109. Defendants Francisco Mesquita, Dick Lee, and Tom Wood, who are employed by, acted as managers, and/or are agents of the Church, engaged in unprivileged conduct when they defamed Plaintiff and caused her embarrassment and humiliation. This conduct was outrageous in that the Defendant Church knew and condoned the conduct of its agent.

110. Defendants' conduct was done with reckless disregard of the probability of causing Plaintiff emotional distress or with the intent of causing Plaintiff to suffer emotional distress.

111. Plaintiff did in fact suffer severe emotional distress. Plaintiff's emotional distress was a direct and proximate result of the outrageous conduct of Defendants.

112. Defendants' conduct was oppressive, fraudulent, malicious, despicable, and was carried on by Defendants with willful disregard of the rights or safety of Plaintiff. Defendants, therefore, subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.

113. As a further proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

114. Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of Plaintiff and for the

18

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

@PFDesktop\ODMA/WORLDOX/G:/DATA/3138/1/PL/S7041098.WPD

deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant, by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

115. Plaintiff seeks an award of attorney's fees on this cause of action pursuant to Code of Civil Procedure section 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1. For economic damages, including, but not limited to, past and future loss of earnings and benefits, and loss of earning capacity, according to proof;

2. For damages for physical and mental pain and anguish and emotional distress according to proof;

3. For punitive damages against all Defendants according to proof;

4. For costs of suit and pre-judgment interest at the legal prevailing rate;

5. Reasonable attorney's fees; and

6. For such other and further relief as the Court may deem just and proper.

DATED: June 13, 2008              STUTZ ARTIANO SHINOFF & HOLTZ
                                  *A Professional Corporation*


                                  By: s/RYAN L. CHURCH
                                      Daniel R. Shinoff
                                      Gil Abed
                                      Ryan L. Church
                                  Attorneys for Plaintiff SONDRA BOONE

Plaintiff's 2nd A/C for Damages for Wrongful Termination;
Retaliation; Age Discrimination and Harassment;
Gender Discrimination and Harassment; Defamation;
Intentional Infliction of Emotional Distress

@PFDesktop\::ODMA/WORLDOX/G:/DATA/3138/1/PL/S7041098.WPD

**STUTZ ARTIANO SHINOFF & HOLTZ**, A.P.C.
Daniel R. Shinoff, Esq. (State Bar No. 099129)
Ryan L. Church, Esq. (State Bar No. 249484)
2488 Historic Decatur Road, Ste. 200
San Diego, California  92106
Telephone: (619) 232-3122
Facsimile: (619) 232-3264
Attorneys for: Plaintiff SONDRA BOONE

*Boone v. Carlsbad Community Church, et al.*
San Diego Superior Court, Case No.: 37-2007-00057536-CU-DF-NC
Hon.: Michael B. Orfield

HEARING DATE:          TIME:          DEPT.: N-28          T/D:

**DECLARATION OF PROOF OF SERVICE**
(CCP 1013a(1) & (3) & 2015.5
Local Rules, Div. II, Rule 6, 7; Cal. Rules of Court, Rule 2008(e))

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO:

I am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2488 Historic Decatur Road, Suite 200, San Diego, California 92106. On June 13, 2008, I served the foregoing document described as **PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES FOR: WRONGFUL TERMINATION; RETALIATION; AGE DISCRIMINATION AND HARASSMENT; GENDER DISCRIMINATION AND HARASSMENT; DEFAMATION; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** on all interested persons in this action by placing true copies thereof enclosed in sealed envelopes addressed as shown below:

| | |
|---|---|
| Golnar J. Fozi, Esq.<br>DALEY & HEFT<br>462 Stevens Avenue, #201<br>Solana Beach, CA  92075<br>Tel: (858) 755-5666<br>Fax: (858) 755-7870 | Counsel for Defendants |

☒ **BY ELECTRONIC SERVICE** On the date executed below, I served the document(s) via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 13, 2008, at San Diego, California.

_____
ELAINE FEIN