DALEY & HEFT, LLP, ATTORNEYS AT LAW
ROBERT W. BROCKMAN, ESQ. (SBN 123546)
GOLNAR J. FOZI (SBN 167674)
462 STEVENS AVENUE, SUITE 201
SOLANA BEACH, CA 92075
TELEPHONE: 858-755-5666
FACSIMILE: 858-755-7870

Attorneys for Defendants
CARLSBAD COMMUNITY CHURCH,
TOM WOOD, DICK LEE
AND FRANCISCO MESQUITA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA BOONE<br><br>  Plaintiffs,<br><br>v.<br><br>CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE AND FRANCISCO MESQUITA and DOES 1-20,<br><br>  Defendants. | Case No. 08 CV 0634 W AJB<br><br>**ANSWER OF DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE AND FRANCISCO MESQUITA TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>DEPT:   7<br>**DIST. JUDGE: Thomas J. Whelan**<br>**MAG. JUDGE: Anthony J. Battalia** |

Defendants CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE AND FRANCISCO MESQUITA answer the Second Amended Complaint of plaintiff SONDRA BOONE as follows:

### 1.

Answering paragraphs 1, 2, 7, 10, 11, 12, 24, defendants admit.

### 2.

Answering paragraphs 3, 4, 5, 6, 43, 44, 45, 53, 54, 55, 63, 64, 65, 71, 72, 73, 80, 81, 82, 89, 90, 91, these paragraphs call for legal conclusions which require no answer and to the extent

an answer is required, defendants deny generally and specifically each and every allegation contained therein.

3.

Answering paragraph 8, defendants admit that venue is proper in this Court.

4.

Answering paragraph 9, defendants admit on information and belief that plaintiff filed the stated charges of discrimination and received the stated right to sue letters.

5.

Answering paragraphs 13, 14, 15, 16, 22, 23, 25, 26, 35, 36, 40, 46, 47, 48, 49, 5, 56, 57, 58, 59, 60, 66, 67, 68, 69, 74, 75, 76, 77, 78, 83, 84, 85, 86, 87, 92, 93, 94, 95, 96, 98, 100, 101, 102, 103, 104, 105, 106, 107, 109, 110, 111, 112, 113, 114, 115, defendants deny each and every allegation contained therein.

6.

Answering paragraph 17, 21, 27, 28, 30, 37, 38, 39, 99, defendants lack sufficient information and belief to enable them to answer and based thereon, deny generally and specifically each and every allegation contained therein.

7.

Answering paragraphs 18 and 19, defendants admit that a letter was sent to the Board and the Senior Pastor. Except as herein specifically admitted, defendants deny each and every allegation contained therein.

8.

Answering paragraph 29, defendants only admit that a meeting took place between plaintiff and the Senior Pastor in April 2007 Except as herein specifically admitted, defendants deny each and every allegation contained therein.

9.

Answering paragraphs 30, 31, 33, defendants only admit that an internal investigation took place. Except as herein specifically admitted, defendants deny each and every allegation contained therein.

///

**10.**

Answering paragraph 34, defendants admit only that plaintiff was terminated on April 23, 2007. Except as herein specifically admitted, defendants deny each and every allegation contained therein.

**11.**

Answering paragraph 41, defendants hereby incorporate by reference their answers to paragraphs 1-40 herein.

**12.**

Answering paragraphs 42, 52, 62, defendants admit that from 1987 until April 22, 2007, plaintiff was an employee of defendant Carlsbad Community Church.

**13.**

Answering paragraph 51, defendants hereby incorporate by reference their answers to paragraphs 1-50 herein.

**14.**

Answering paragraph 61, defendants hereby incorporate by reference their answers to paragraphs 1-60 herein.

**15.**

Answering paragraph 71, defendants hereby incorporate by reference their answers to paragraphs 1-70 herein.

**16.**

Answering paragraph 79, defendants hereby incorporate by reference their answers to paragraphs 1-78 herein.

**17.**

Answering paragraph 88, defendants hereby incorporate by reference their answers to paragraphs 1-87 herein.

**18.**

Answering paragraph 97, defendants hereby incorporate by reference their answers to paragraphs 1-96 herein.

Daley & Heft, LLP
462 Stevens Avenue, Suite 201
Solana Beach, CA 92075
(858) 755-5666   Fax (858) 755-7870

**19.**

Answering paragraph 108, defendants hereby incorporate by reference their answers to paragraphs 1-107 herein.

## AFFIRMATIVE DEFENSES TO EACH AND EVERY CLAIM IN THE SECOND AMENDED COMPLAINT

**1.**

The Second Amended Complaint fails to state sufficient facts to constitute a cause of action upon which relief can be granted.

**2.**

The Second Amended Complaint fails to set forth a case or controversy as required by Federal law.

**3.**

Plaintiff lacks standing to assert the claims herein as required by Federal law.

**4.**

Plaintiff fails to allege with specificity any acts or omissions by defendants which proximately caused or which would cause damages, if any, to plaintiff and injuries and damages, if any, allegedly sustained by plaintiff.

**5.**

Plaintiff has failed to comply with the statutory notice and claim requirements of the DFEH and/or EEOC.

**6.**

Plaintiff has failed to state a claim since she was not actually excluded from participating, denied benefits or otherwise discriminated against on the basis of her age or gender.

**7.**

Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, those set forth in the California Code of Civil Procedure sections 337, 337.1, 337.15, 338, 339, and 340(3).

8.

Defendants allege that the injuries suffered by plaintiff, if any, were the actual and proximate result of the negligence of parties, persons, corporations or entities other than these defendants, and that these answering defendants' liability, if any, is limited in direct proportion to that percentage of fault actually attributable to these defendants.

9.

Tortious acts occurring during an employment relationship are barred from suit pursuant to the exclusive remedy provisions of the worker's compensation statute, including but not limited to, Labor Code sections 3600 and 3601.

10.

Defendants were acting in good faith and within the scope of their official duties, and the defendants had no knowledge that the alleged wrongful acts, if any, were illegal and/or unconstitutional, and defendants had no knowledge that the alleged wrongful acts, if any, were violative of plaintiff's rights. Based upon the above, defendants are absolutely immune from suit.

11.

If plaintiff is entitled to any recovery, which defendants deny, such recovery must be reduced by the amount attributable to the failure of plaintiff to mitigate damages.

12.

The causes of action set forth in the Second Amended Complaint, and each of them, are barred by the doctrine of estoppel.

13.

The causes of action set forth in the Second Amended Complaint, and each of them, are barred by the doctrine of latches.

14.

Plaintiff is barred from recovery by the equitable doctrine of unclean hands.

///

///

**15.**

Some or all of the claims for damages in the Second Amended Complaint are barred in that Plaintiff's employment relationship was for an unspecified period of time, and was at-will pursuant to California Labor Code section 2922.

**16.**

Plaintiff has not alleged and cannot prove any facts showing the conduct of defendants was the proximate cause of any damages suffered as alleged in the Second Amended Complaint.

**17.**

The Second Amended Complaint and its causes of action, are barred by virtue of defendant's privilege in pursuing its own economic interest, exercising appropriate business judgments, and exercising managerial discretion.

**18.**

Defendants are informed and believe and thereon allege that the complained of conduct was welcome and consensual.

**19.**

Defendants are informed and believe and thereon allege that they did not know about the alleged harassment and/or retaliation, and that their response was immediate and proper.

**20.**

In the event that defendants discover any after-acquired evidence, plaintiff's claims against defendants and/or the relief sought by plaintiff against defendants will be barred and/or reduced by the doctrine of after-acquired evidence.

**21.**

The statements alleged to have been made were not published by defendants.

**22.**

The publication complained of was not published either with knowledge that it was false or with reckless disregard of the truth of the statements. It was protected by constitutional privilege.

///

**23.**

The statements complained of were statements of opinion.

**24.**

Plaintiff has failed to allege special damages, or to allege special damages with sufficient specificity.

**25.**

Plaintiff consented to the publication of the alleged defamatory statements.

**26.**

The statements complained of were not false, and/or were not susceptible to be proven true of false.

**27.**

Defendants are immune from liability under an absolute or qualified privilege.

**28.**

The statements alleged to be defamatory fail to convey a defamatory meaning.

**29.**

The challenged employment practices were job related and consistent with business necessity.

**30.**

Defendants did not act with actual fraud, corruption or actual malice.

**31.**

Defendants currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants therefore reserve the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

**WHEREFORE,** defendants pray as follows:

1. That the action be dismissed with prejudice;
2. That plaintiff take nothing by this action;

///

3. That defendants recover costs of suit incurred herein, including attorneys fees; and

4. For such other and further relief as the court deems just and proper.

DATED: June 24, 2008

DALEY & HEFT

BY: _____
ROBERT W. BROCKMAN
GOLNAR J. FOZI
Attorneys for Defendants CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE AND FRANCISCO MESQUITA

```
DALEY & HEFT, LLP, ATTORNEYS AT LAW
ROBERT W. BROCKMAN ESQ. (SBN 123546)
GOLNAR J. FOZI (SBN 167674)
462 STEVENS AVENUE, SUITE 201
SOLANA BEACH, CA  92075
TELEPHONE: (858) 755-5666
FACSIMILE:(858) 755-7870

Attorneys for Defendants,
CARLSBAD COMMUNITY CHURCH,
TOM WOOD, DICK LEE
and FRANCISCO MESQUITA
```

UNITED STATES DISTRICT COURT

FOR CENTRAL DISTRICT OF CALIFORNIA

| SONDRA BOONE, | Case No. 08 CV 0634 W AJB |
|---|---|
| Plaintiff, | **DECLARATION OF PROOF OF ELECTRONIC SERVICE THROUGH CM/ECF** |
| v. | |
| CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE AND FRANCISCO MESQUITA and DOES 1-20, | DEPT.:      7<br>DIST. JUDGE: Thomas J. Whelan<br>MAG. JUDGE: Anthony J. Battalia |
| Defendants. | |

I, Lisa Buckley, declare:  That I am and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California, in which county the within-mentioned mailing occurred.  My business address is 462 Stevens Avenue, suite 201, Solana Beach, California 92075. I served the following documents:

**ANSWER OF DEFENDANTS CARLSBAD COMMUNITY CHURCH, TOM WOOD, DICK LEE AND FRANCISCO MESQUITA TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

via Electronic Mail Service: In accordance with the electronic filing procedure of this Court, service has been effected on aforementioned party(s) below, whose counsel of record is a registered participant of CM/ECF Filing System, via electronic service through CM/ECF System.

///

///

1  **STUTZ ARTIANO SHINOFF & HOLTZ, A.P.C.**
2  Daniel R. Shinoff, Esq.
   Gil Abed, Esq.
3  Ryan L. Church, Esq.
   2488 Historic Decatur Reoad, Suite 200
4  San Diego, California 92106
   **(Attorney for Plaintiff)**

5  　　I declare under penalty of perjury under the laws of the State of California that the

6  foregoing is true and correct and that this Declaration was executed this 26th day of June 2008

7  at Solana Beach, California.

8  　　　　　　　　　　　　　　　　　　　　　　_/s/Lisa Buckley_
   　　　　　　　　　　　　　　　　　　　　　　Lisa Buckley, Declarant
9

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---
2

08 CV 0634 W AJB